HENRY I. DARLING v. THE MAYOR AND ALDERMEN OF
JERSEY CITY ET AL.

Argued June 9, 1910—Decided November 16, 1910.

1. The power to name streets in Jersey City resides in its board of
   street and water commissioners.
2. The naming of a street not theretofore so named is a legislative
   act, and the circumstance that such street has been called by a
   different name does not make such act a judicial one.

On *certiorari.*

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *Merritt Lane.*

For the defendants, *John J. Murphy* and *William D.
Edwards.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor would have us set aside an
ordinance of the board of street and water commissioners of
Jersey City designating as "Cuneo Place," a street theretofore
known as Booraem avenue.   The street in question, which is
less than an ordinary city block in length, runs from the east
line of Palisade avenue to the west line of Ogden avenue.   The
prosecutor, who has erected in this block three apartment
houses which he has advertised as Nos. 1, 3 and 5 Booraem
avenue, objects to having it designated as Cuneo Place as an
arbitrary and unreasonable action injurious to his property.
The legal grounds on which he seeks to invalidate the ordi-
nance are that the board of street and water commissioners had
no power to pass it, and that it was a judicial action of which
he had no notice.

Under the charter of 1871, the board of aldermen was *inter
alia* given power to pass ordinances regulating the numbering
of houses and the naming of streets.   The act of March 28th,

1891 (*Pamph. L., p.* 249), by its tenth section, conferred upon the board of street and water commissioners, in place of the board of aldermen, exclusive authority over streets and "all matters and things in anywise appertaining to the use" thereof now or thereafter possessed by any board of such city. Section 12, under five separate heads, enumerates the general objects for which streets are used, but makes no pretence to cover all matters and things that in anywise appertain to such use. Streets are named because it has been found to be useful, *i. e.,* to add to their use, not of course in the same sense that a pavement adds to such use, but in the sense of a matter that appertains in somewise to such use. The numbering of houses which is in the same category stands on the same footing. The contrary cannot well be urged by the prosecutor in view of his claim that the calling of this street by one name rather than by another materially affects its use for the purposes for which he has built upon it. We conclude that the power to name the streets of Jersey City passed to and resides in its board of street and water commissioners.

The basis of the prosecutor's other contention is that the action of which he complains was judicial. We think this is not so in fact. Palisade avenue runs north and south and out of its westerly side Booraem avenue opened and ran west, no corresponding street running out of Palisade avenue to the east.

After some years, the street we have to deal with was opened out of the east side of Palisade avenue, running a short block to Ogden avenue, where it stopped. This new street was not of the same width as Booraem avenue and did not form a continuous straight line with it. It might, with propriety, have been named Booraem avenue by the municipal authorities, or given some other name. As a matter of fact, it was not so officially named and was called, although not named, Booraem avenue.

This, however, did not abrogate the authority granted by the legislature to the local municipal board either by frustrating the exercise of its legislative power or by conferring upon the prosecutor a vested right to have such power exercised in a particular way. The exercise of such power, in the present case, may be one for which we cannot discover any adequate reason

without its being unreasonable in the sense that subjects it to judicial supervision, either on the ground that it was uncalled for and unwise or because of the two names one was the more appropriate or euphonious. These are legislative questions, and the right of a citizen to have his representatives in a legislative body act wisely and properly is a political not a legal right and to be redressed accordingly.

The ordinance is affirmed.