MARTHA W. BACON et al., Respondents, *v.* JULIUS MILLER, President of the Borough of Manhattan, et al., Appellants.

**Municipal corporations — New York city — charter provision authorizing Board of Aldermen to regulate naming of streets and numbering of houses — resolution of Board extending street and authorizing renumbering of buildings legislative — courts without authority to inquire as to reasonableness — resolution not void because signed after time of year within which charter provided streets might be renamed or renumbered.**

1. Under section 50 of the charter of the city of New York (L. 1901, ch. 466) the Board of Aldermen has power " to regulate the numbering of houses and lots in the streets and the naming of streets." A resolution of that Board, therefore, providing that the two blocks of Fourth avenue between Thirty-second street and Thirty-fourth street be made part of and designated as " Park avenue " and authorizing the President of the Borough of Manhattan to number the buildings on the newly added portion, is legislative in nature and the courts have no power to inquire into its reasonableness nor interfere therewith upon the basis of a mere difference of opinion as to its wisdom or propriety.

2. The resolution was not void because signed by the Mayor on May third while the charter provided that houses should not be renumbered or the name of any street changed except between the

first of December and the first of May. The time when the actual change could take place in the name of the street was postponed thereby until December first.

*Bacon* v. *Miller*, 221 App. Div. 651, reversed.

(Argued January 18, 1928; decided February 14, 1928.)

APPEAL from a judgment, entered December 7, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment entered upon a decision of the court on trial at Special Term, in so far as the same was in favor of defendants and directing judgment in favor of plaintiffs.

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly, Elliot S. Benedict* and *Russell Lord Tarbox* of counsel), for President of Borough of Manhattan, appellant. The resolution of the Board of Aldermen by which Park avenue was extended southerly from Thirty-fourth street to Thirty-second street was valid. (*People ex rel. Knoblauch* v. *Warden, etc.,* 216 N. Y. 154; *Day* v. *Brownrigg,* L. R. [10 Ch. Div.] 294; *Brooklyn Park Comm.* v. *Armstrong,* 45 N. Y. 234; *Radcliff* v. *Mayor,* 4 N. Y. 195; *People ex rel. Lodes* v. *Bd. of Health,* 189 N. Y. 187; *Brown* v. *City of New York,* 78 App. Div. 361; 176 N. Y. 571; *White* v. *Manhattan Ry. Co.,* 139 N. Y. 19.) The resolution in question was duly adopted under specific authority of the Legislature and, therefore, its reasonableness is not properly a matter of inquiry. (*Matter of Stubbe* v. *Anderson,* 220 N. Y. 459; *Duryee* v. *Mayor, etc., of N. Y.,* 96 N. Y. 477; *City of Rochester* v. *Macauley-Fein Mfg. Co.,* 199 N. Y. 207; *Phelps* v. *City of Watertown,* 61 Barb. 121; *People* v. *Canal Board,* 55 N. Y. 390; *Guest* v. *City of Brooklyn,* 69 N. Y. 506; *Palmer* v. *Bd. of Education,* 47 App. Div. 547.) The provision of section 50 of the charter that " it shall not be lawful to number or renumber any houses or change the name of any street save between the first day of December of any year and the first day of May next ensuing " was

not a limitation of the power of the Board of Aldermen to pass ordinances regulating the numbering of houses and lots and the naming of streets, but was a direction to prevent the physical numbering and naming of the streets during the indicated period. (*Truesdale* v. *City of Rochester*, 33 Hun, 574; *Matter of Mayor, etc., of N. Y.*, 193 N. Y. 503; *Van Ingen* v. *Hudson Realty Co.*, 106 App. Div. 444; *Tooele City* v. *Hoffman*, 42 Utah, 596.)

*Martin Conboy* and *David Asch* for One Park Avenue Corporation, appellant. The resolution is not in conflict with any provision of the State or Federal Constitution or of general law. (*Darling* v. *Jersey City*, 80 N. J. Law, 514; 84 N. J. Law, 758; *Eldridge* v. *Fawcett*, 223 Pac. Rep. 1040; *Day* v. *Brownrigg*, L. R. [10 Ch. Div.] 294; *Brooklyn Park Commissioners* v. *Armstrong*, 45 N. Y. 234; *Radcliff* v. *Mayor*, 4 N. Y. 195; *Sauer* v. *New York*, 180 N. Y. 27; *McCabe* v. *New York*, 213 N. Y. 468.) The provision contained in section 50 of the City Charter that " it shall not be lawful to number or renumber any houses or to change the name of any street save between the first day of December in any year and the first day of May next ensuing," has no other effect than to fix the time when the action of the Board of Aldermen, approved by the Mayor, shall become effective. *Liberty Highway Co.* v. *Michigan Public Util. Comm.*, 294 Fed. Rep. 703; *Purdy* v. *Erie R. R. Co.*, 162 N. Y. 42; *Simpson* v. *Paddock*, 195 Mich. 581; *Oklahoma City* v. *Shields*, 100 Pac. Rep. 559; *Matter of Alexander*, 53 Fla. 647; *Biggs* v. *McBride*, 17 Oreg. 640; *State* v. *Meath*, 147 Pac. Rep. 11; *Tooele City* v. *Hoffman*, 42 Utah, 596; *McCullough* v. *Virginia*, 172 U. S. 102; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270; *Edwards* v. *City of Kirkwood*, 162 Mo. App. 576.) The action of the Board of Aldermen not being in conflict with any fundamental law is not subject to review by the courts. (*Village of Carthage* v. *Frederick*, 122 N. Y. 268; *Duryee* v. *Mayor, etc., of N. Y.*,

96 N. Y. 477; *McCabe* v. *City of N. Y.*, 213 N. Y. 468; *People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *Waterloo Mfg. Co.* v. *Shanahan*, 128 N. Y. 345; *People* v. *Lawrence*, 36 Barb. 177; *Cronin* v. *People*, 82 N. Y. 318; *Pearce* v. *Stephens*, 18 App. Div. 101; 153 N. Y. 673; *People* v. *Petrea*, 92 N. Y. 128.)

*Benjamin F. Feiner* and *Ira Skutch* for Two Park Avenue Corporation, *amicus curiæ.* The action of the Board of Aldermen, having been taken in pursuance of express legislative authority, had the force of a statutory enactment and was not subject to review by the courts beyond constitutional limitations. (*McCabe* v. *City of New York*, 213 N. Y. 468; *People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96; *People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154; *Haynes* v. *City of Cape May*, 50 N. J. Law, 55; *Pittsburg, C. C. & St. L. Ry. Co.* v. *Town of Crown Point*, 146 Ind. 421; *Carpenter* v. *Borough of Yeadon*, 151 Fed. Rep. 879; *Village of Carthage* v. *Frederick*, 122 N. Y. 268; *People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377; *Racine* v. *Morris*, 201 N. Y. 420; *People* v. *Crane*, 214 N. Y. 154.)

*Edwin De T. Bechtel* and *A. Delafield Smith* for respondents. The resolution wrongfully and illegally interfered with the plaintiffs in the quiet use and enjoyment of their premises. (*Anderson* v. *Dublin*, L. R. [15 Ire.] 410; *Matter of Picone*, 241 N. Y. 157; *Collins* v. *Hornsey Urban Counsel*, [1901] 2 K. B. 180; *People ex rel. Wineburgh* v. *Murphy*, 195 N. Y. 126; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Lawton* v. *Steele*, 152 U. S. 133; *Matter of Jacobs*, 98 N. Y. 98.) The resolution in question was not authorized by the Legislature. (*People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154; *Santiago Land Co.* v. *National City*, 174 U. S. 739.) The prohibition contained in section 50 of the charter was violated. (*Louisville* v. *Savings Bank*, 104 U. S. 469; *Burgess* v. *Salmon*, 97 U. S.

381; *Davis* v. *Whidden,* 117 Cal. 622; *Wartman* v. *City of Philadelphia,* 33 Penn. St. 202; *Petition of Douglass,* 46 N. Y. 42; *People* v. *Loomis,* 135 Mich. 556.)

CRANE, J.   Prior to April 22, 1924, Park avenue, in the city of New York, borough of Manhattan, extended south to Thirty-fourth street.   It was 140 feet wide. South from Thirty-fourth street this avenue was known and designated as Fourth avenue.   Between Thirty-fourth and Thirty-second streets it was 120 feet in width, and south from Thirty-second street, 100 feet wide. Between Thirty-fourth and Thirty-second streets, Fourth avenue, so designated, had been widened by extending the easterly curb line 20 feet to the east.   This made Park avenue north of Thirty-fourth street and these two blocks of Fourth avenue south of Thirty-fourth street of equal width and uniform curb lines.   The physical change has been made with the exception of the armory property between Thirty-third and Thirty-fourth streets, which has not yet been actually cleared.   Park avenue, therefore, at the times here in question, and these two blocks of Fourth avenue south of Thirty-fourth street, constituted a street 140 feet wide.   Below Thirty-second street, Fourth avenue is a business street 100 feet wide.   At the present time there is a business building erected on the entire block on the east side of the street between Thirty-second and Thirty-third streets.   As above stated, between Thirty-third and Thirty-fourth streets there is the armory.   On the west side, between Thirty-fourth and Thirty-third streets, is the Vanderbilt Hotel, and on the side where formerly was the Park Avenue Hotel has now been erected a business building covering the entire block.   The hotel, although located on what was Fourth avenue, had always been known as the Park Avenue Hotel.

On April 22, 1924, the Board of Aldermen adopted the following resolution:

"*Resolved,* that so much of Fourth Avenue as extends from 32nd Street to 34th Street, in the Borough of Manhattan, be and the same hereby is changed to, made part of and shall hereafter be known and designated as ' Park Avenue,' and the President of the Borough is authorized and requested to number or renumber the buildings on the newly added portion of Park Avenue in such manner and to such extent as may be deemed necessary and to note the changes on the maps and records of his office."

The authority of the Board of Aldermen to take such action was found in section 50 of the Greater New York Charter, reading as follows:

" Subject to the constitution and laws of the state, the board of aldermen shall have power   *   *   *   to regulate the numbering of houses and lots in the streets and the naming of streets, except that it shall not be lawful to number or re-number any houses or to change the name of any street save between the first day of December in any year and the first day of May next ensuing   *   *   *."

The resolution was approved by the mayor on May 3d, pursuant to section 40 of the said charter.

The name of the street having been changed for these two blocks, it of course became necessary to change the street numbers. Theretofore the numbers in Park avenue commenced at Thirty-fourth street; the numbers on Fourth avenue ran up to Thirty-fourth street. What was the Board of Aldermen or the Borough President to do? Section 111 of article X of chapter 23 of the Code of Ordinances of the city of New York provided as follows:

" In all cases where a street shall have been numbered or re-numbered, the Borough President having jurisdiction shall thereafter adjust and re-number such street as the same may be required from time to time. In numbering and re-numbering houses, he shall leave sufficient numbers on each block so that under any circumstances, there would be but one block where a change

would be required, in case of re-numbering at any subsequent time."

Rather than change all the numbers on Park avenue north of Thirty-fourth street, the borough president gave number 1 to the building between Thirty-second and Thirty-third streets, and number 5 to the house owned by Mrs. Bacon, on the corner of Thirty-fourth street, which formerly had been number 1. To her neighbor, Mrs. Porter, was assigned number 7: this had been number 3. No numbers have been changed north of Thirty-fifth street.

The resolution of the Board of Aldermen and the action of the Borough President have been challenged, the main attack being made upon the change of these numbers 1 and 3. Mrs. Bacon and Mrs. Porter desire to retain their old numbers. No particular point is made of giving number 1 to the building on the block between Thirty-second and Thirty-third streets, instead of giving it ten numbers more or less, under the ordinance. The objection is that number 1 should not be taken from the house at Thirty-fourth street.

The Appellate Division, by divided court, has held the resolution of the Board of Aldermen illegal and void, on the ground that it was an arbitrary and unreasonable exercise of power. This of course is the heart of the case. If the name of the street for the two blocks was legally changed from Fourth avenue to Park avenue, it necessarily follows that renumbering would have to be made. The change in street numbers was, therefore, dependent largely upon the legality in the change of name.

The action of the Board of Aldermen was legislative in nature. The power was conferred upon the Board by the Legislature in the charter provision above quoted. The action of the Board if valid was in effect the act of the Legislature. (*Village of Carthage* v. *Frederick*, 122 N. Y. 268.) The courts may not interfere with the resolution upon the basis of a mere difference of opinion

as to its wisdom or propriety. (Dillon on Municipal Corporations [5th ed.], vol. 1, pp. 458, 459.) There is no occasion to determine whether a different test would be applied if vested rights of property were interfered with under the guise of the police power, or if the ordinance were sought to be sustained under an implied power, or were less specific and exclusive. Here there is no vested right in the name of the street or in the number originally assigned to a house upon the street. The power to change the name of streets is akin to the power vested in the Boards of Aldermen and Common Councils to change the grade of streets or to close them altogether. (*McCabe* v. *City of New York*, 213 N. Y. 468; *Darling* v. *Jersey City*, 80 N. J. L. 514; affd., 84 N. J. L. 758; *Eldridge* v. *Fawcett*, 128 Wash. 615.) The case of *Anderson* v. *Lord Mayor & Corporation of Dublin* (15 Law Reports [Ireland], 1885, 1886, page 410) cited below, was limited in effect to the interpretation of the Towns Improvement Clauses Act of 1847. This was held to give the commissioners no power to change names once given, in this instance, the name of Sackville street to O'Connell street. In the case now before us there is a legislative power to change and renumber.

One limitation under the charter applied to the changes made or to be made by this resolution of April 22, 1924. They could not take effect until after the first of December of that year. The resolution was not void because signed by the Mayor on May 3, 1924, and taking effect as of that time. The resolution was legally passed and approved within the time designated by section 40 of the charter. The time when the actual change could take place in the name of the street was postponed until after December first. In fact, the change in numbers was not made by the Borough President until after the decision by the Special Term in this action.

With the motives which actuated the Board of Aldermen, we have nothing to do at all events in the absence of

fraud or corruption. As to the reasonableness of their action, there may be two sides, as there are to many legislative acts. That the renumbering has caused inconvenience is quite apparent. It is claimed that number 1 is also of some material and financial benefit to the business building at Thirty-second street. No doubt this is so. The owner of a dwelling house, who, like Mrs. Bacon, has had a certain number for a great many years, is naturally annoyed and vexed when that number is taken away and given to another. These are all matters which should have been considered, and properly considered by the aldermen before they took action. Power, when possessed, should not be arbitrarily used. The courts, however, have no general supervision over legislation, whether it be that of the Legislature or the Board of Aldermen, and like other functions of government, have limited powers. As above stated, the court has no power to inquire into the reasonableness of this resolution of April 22, 1924. If it did, perhaps the changes made in the physical condition of Park avenue, between Thirty-second and Thirty-fourth streets, might make it reasonable to give one name to a street having a uniform width of 140 feet, and another name to that portion of the street having only a width of 100 feet, and used exclusively for business. As to these matters, however, we express no opinion.

For the reasons here stated, the judgment of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.