(No. 22781.—▮▮▮▮▮▮)
JOHN H. HAGERTY *et al.* Appellants, *vs.* THE CITY OF CHI-
CAGO *et al.* Appellees.

*Opinion filed April 12, 1935.*

VERNON R. LOUCKS, A. J. HENNING, and WALTER
BREWER, for appellants.

WILLIAM H. SEXTON, Corporation Counsel, (STEPHEN
LOVE, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case is whether the city
of Chicago may by ordinance change the name of one of
its streets over the protest of interested persons. An ordi-
nance was adopted changing the name of Crawford ave-
nue to Pulaski road, and appellants filed a bill to enjoin
the city and various of its officers from carrying out the
provisions of the ordinance. A temporary injunction was
granted. Later, on motion, the chancellor dismissed the

bill for want of equity and certified that the validity of a municipal ordinance is involved and in his opinion the public interest requires that an appeal be taken directly to this court.

The bases of appellants' challenge of the right of the city to change the name of its streets are two: First, they say that the property owners along the street have a property right in its name; second, if such property right be taken away from them it must be by eminent domain or by exercise of the police power. To this the city replies that power is conferred by statute on the city council to change the name of a street, and that courts will not interfere with the right of the city so to do.

This question has been but a few times before the courts. In *Anderson* v. *Corporation of Dublin,* 15 L. R. (Ireland,) Ch. Div. 410, it was pointed out that by long usage names of streets may become established and recognized, and it was held that by virtue of this fact a species of property rights springs up with mutual rights and duties pertaining thereto. It was the opinion of that court that interference with such property rights could not have been the intention of the legislature giving to the city of Dublin the right to name or change the names of streets. It was in that case found that the action of the city of Dublin was arbitrary and capricious and was contrary to the wishes of the majority of those living on the street. It was held that a municipal body may not on sentimental or historical grounds act in the discharge of its statutory functions, and that where the objections of the inhabitants are founded on a great probability of serious injury to them pecuniarily and commercially, courts will prevent such action. It was there noted that "the name Sackville street, they show, is known everywhere, and the connection with it of their places of business they value almost as if a trade-mark." No cases in this country have been cited which have adopted this view.

Two courts in this country have considered this question and arrived at a conclusion contrary to that expressed in the *Anderson case,* just noted. In *Eldridge* v. *Faucett,* 128 Wash. 615, 223 Pac. 1040, the power of the city of Tacoma to change by ordinance the name of one of its residential streets was attacked. The court there pointed out that statutes of Washington expressly grant the power to the city to name its streets, and that such was ample authority for an ordinance changing the name of the street. In *Darling* v. *Atlantic City,* 80 N. J. L. 514, 78 Atl. 10, it was sought to have declared void, as arbitrary and unreasonable, an ordinance changing the name of a street from Booraen avenue to Cuneo place. It was argued that the change was an injury to the property rights of the complainant. The New Jersey court points out that the statute expressly delegated the power to the city to change the name of a street. Replying to the argument that the action of the city council was judicial in its character the court observed: "These are legislative questions, and the right of a citizen to have his representatives in a legislative body act wisely and properly is a political and not a legal right and is to be redressed accordingly." These are the only cases cited or which we are able to find that bear in any way upon this question.

The basis of appellants' claim is that they have a property right in the name "Crawford avenue." If this contention is not sound, it follows, of course, that there is nothing taken from them by this ordinance, or which may be taken from them by eminent domain or through exercise of the police power. It is conceded that by section 23 of article 5 of the Cities and Villages act power is expressly conferred on the city council "to name and change the name of any street, avenue, alley or other public place," but it is said the logic of *Anderson* v. *Corporation of Dublin, supra,* should obtain, and that it should be held not to have been the intention of the General Assembly in enact-

ing this provision to destroy property rights of individuals along the street without providing compensation therefor. It is conceivable that a mercantile establishment may by a course of advertising its location and business in which the name of the street is widely disseminated, build up an association of the name of the street with its business, so that any change in the street name might result in an inconvenience and perhaps occasion some expense to acquaint the public of the change. This is not, however, sufficient to show a property right in the street name.

Counsel have cited cases holding that the owner of a lot abutting on a city street, the fee of which is in the municipality, has by virtue of proximity special and peculiar rights and franchises in the street not common to citizens at large. Of such are *Kane* v. *New York Elevated Railroad Co.* 125 N. Y. 164, and *Donahue* v. *Keystone Gas Co.* 181 id. 313. These cases, however, deal with the right of the abutting property owner to easements in the street peculiar to such owner by reason of proximity. They do not touch upon the question of property right in the name of a street. In the case last cited the court specifies as rights of the abutting land owners, "light, air and access and all the advantages that spring from the situation of the abutting land upon the open space of the street." We are of the opinion that appellants have no vested property right in the name of the street involved in this proceeding.

It is also insisted that the ordinance is arbitrary and unreasonable. As we have noted, specific authority is conferred by the General Assembly on cities and villages to change the names of the streets. Where an ordinance is passed in pursuance of an express power it cannot be set aside by the courts because they may deem it unreasonable. (*City of Chicago* v. *Ripley,* 249 Ill. 466; *City of Peoria* v. *Calhoun,* 29 id. 317; Dillon on Mun Corp. sec. 262.) The naming of streets and numbering of houses and buildings thereon are legislative matters, and where

the General Assembly has delegated such power to the municipalities, courts may not disturb its exercise on the ground that such exercise is unreasonable.

The chancellor did not err in dismissing the bill, and the decree will be affirmed.

*Decree affirmed.*