## No. 32,866

DANA C. BROWN et al., *Appellants,* v. THE CITY OF TOPEKA et al., *Appellees.*

(58 P. 2d 64)

Opinion filed June 6, 1936.

*Thomas Amory Lee, A. Harry Crane, Philip C. Gault* and *Clayton M. Davis,* all of Topeka, for the appellants.

*Ralph Oman,* city attorney, and *William A. Dumars,* assistant city attorney, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal involves the right of a city of the first class to change the names of streets within the limits of the city.

A number of property owners and residents on MacVicar avenue in the city of Topeka brought an action against the city of Topeka and its officials to enjoin them from enforcing the provision of an ordinance passed by them, changing the name of MacVicar avenue to Washburn avenue. The petition set out in detail many grounds and reasons why the city officials did not have authority to do so, and why the property owners and residents on the avenue had rights to the continued use of the name, alleging that the action of the

city authorities in making the change was arbitrary, capricious, unjust and unreasonable. The city and its officials filed a general demurrer to the petition, which was sustained by the trial court, and from that ruling the plaintiffs appeal.

The questions involved, as outlined by the appellants, are as follows:

"1. There is no legislative grant of authority to the city commission to sustain the ordinance.

"2. The plaintiff property owners on MacVicar avenue have a vested property right in the name of the said street of which the ordinance deprives them without due process and compensation.

"3. The ordinance is an arbitrary, capricious and unreasonable exercise of municipal power insofar as it applies to the plaintiffs under the circumstances set forth in their petition and admitted by the demurrers of the defendants."

Counsel for the city and its officers concede there is no specific statute definitely giving to the city such authority, but urge that the other legislative authority given the municipality for regulation and control of the streets is akin to such express power and implies not only the right but also the duty to name and rename the streets in the interests of the general public good.

Many decisions pro and con are cited from other jurisdictions, some of which have specific statutes authorizing the city officials to name the streets, as in the states of Illinois and Washington. In New York the authority is given to the city by the legislature granting it a charter. In the case of *Bacon v. Miller*, 247 N. Y. 311, 160 N. E. 381, it was said:

"Here there is no vested right in the name of the street or in the number originally assigned to a house upon the street. The power to change the name of streets is akin to the power vested in the boards of aldermen and common councils to change the grade of streets or to close them altogether." (p. 318.)

In *Miller v. Cincinnati*, 10 Ohio Dec. 423, it was held:

"The city cannot change the established name of a street at will, no good cause for it existing, except on petition of the abutting property owners." (Syl.)

In the case of *Hagerty v. City of Chicago*, 360 Ill. 97, 195 N. E. 652, it was held:

"Property owners on a certain street do not have a vested property right in the name of the street such as enables them to enjoin the city from changing the name, even though the change in the name of the street results in inconvenience or temporary loss of business, and, as the statute gives the city express power to change the names of its streets, courts will not interfere with the exercise of such power on the ground that it is unreasonable." (Syl. ¶ 1.)

In *Foster v. City of Topeka*, 112 Kan. 253, 210 Pac. 341, it was held:

"The proceedings considered, and *held*, a demurrer to a petition praying for an injunction restraining passage of a city ordinance vacating an alley, was properly sustained." (Syl.)

It was there conceded that the city had a statutory right to vacate the alley, but notwithstanding this right there are limitations as to the interests of the abutting owners which should not be disregarded. In the opinion it was said:

"Should the city pass an unauthorized or oppressive ordinance, the courts may deal with consequences to property owners, but they may not sit in judgment on proposed legislation before enactment. There are some exceptions to this rule. If mere passage of an ordinance would necessarily produce instant harmful results beyond the power of equity to redress, legislative action might be restrained." (p. 255.)

. The cases of *Desser v. City of Wichita*, 96 Kan. 820, 153 Pac. 1194, and *City of Wichita v. Home Cab Co.*, 141 Kan. 697, 42 P. 2d 972, are cited as showing the authority of the city officers over the use of the streets by jitneys and taxicabs. In the Desser case it was said that "the presumption of good intention must be accorded the city in passing the ordinance." (p. 821.) And in the Foster case it was held that the allegations of inconvenience and the unreasonableness of the ordinance were conclusions which are controlled by the facts.

The petition in the case at bar alleges that the enactment of the ordinance was "an unjust, unreasonable, arbitrary and capricious exercise of municipal power," which of course alone in the petition would be a mere conclusion. But numerous other allegations precede the one above quoted, which might well be regarded as tending to establish such a conclusion. Some of them are briefly as follows: That the ordinance of which the plaintiffs complain as changing the name of MacVicar avenue contains eighty-five other changes of names of streets; that the name of MacVicar avenue is by the ordinance transferred to another street about one half mile distant; that the change of the name of MacVicar avenue was made, as plaintiffs were informed and believe, without the request of a single person either living upon said avenue or owning property thereon and over their protest; that this avenue is within the zoning district of the city for class A residences for one-family only; that there are no apartments, duplexes or business buildings on said

avenue; that it was named many years ago in honor of Peter Mac-Vicar, the first president of Washburn College; that this street or earlier highway has borne this name for more than fifty years; that many residents on said avenue have engraved or printed letterheads carrying this name as their location; that the change will necessitate a correction of the records and abstracts as to each lot at a cost of approximately two dollars per lot; that it will require a change in fire insurance policies and a heavy cost to the taxpayers for street signs; that it will cause great confusion and uncertainty and will depreciate the value of the property abutting on said avenue; all to the irreparable damage and injury of the plaintiffs.

Regardless of the first and second questions involved as to the right of the city to change the names of streets without a specific statute authorizing the same to be done by ordinance and the claim of abutting property owners having vested rights in the name of the street on which their property abuts, on both of which questions we do not at this time express an opinion, we do think there are enough of circumstances and conditions alleged in the petition to make the concluding allegations as to the ordinance being arbitrary, capricious, unreasonable and unjust, more than a mere conclusion, and entitled to the term of alleged facts when attacked by a general demurrer, which admits for the time being the truth of the facts alleged, and also sufficient to overcome the legal presumption in favor of the ordinance.

With this array in detail of alleged facts tending to show the exercise of arbitrary power in passing an ordinance, which might be unfair, unjust and capricious, we think the general demurrer to the petition should not have been sustained.

The ruling is reversed and the cause is remanded with directions to overrule the demurrer.