The CITY OF AUSTIN, Appellant,

v.

Marion B. FINDLAY et al., Appellees.

Nos. 12392, 12419.

Court of Civil Appeals of Texas, Austin.

June 9, 1976.

Don R. Butler, City Atty., Austin, for appellant.

James R. Sloan, Larry W. Wise, Sloan & Wise, Austin, for appellees.

PER CURIAM:

This appeal concerns an effort on the part of the City Council of Austin to change the name of "19th Street" to "Martin Luther King, Jr., Boulevard."

On April 10, 1975, the City Council of Austin by formal motion changed the name of 19th Street to Martin Luther King, Jr., Boulevard. Thereafter, appellees Marion B. Findlay, Harris L. Johnson, and Bert Johnson, individually and as representatives of the members of the "West 19th Street Association," and other property owners fronting that street, filed suit in the district court of Travis County against the City of Austin, appellant. By their suit appellees sought a declaration, among other things, that inasmuch as the action taken by the City Council in changing the name of the street was by *motion* instead of *ordinance*, the change was void and of no legal effect. Upon application and after hearing, the district court entered a temporary injunction in favor of appellees and enjoined the City of Austin from funding the construction of street signs reflecting the change in the street name. The City of Austin has appealed from the entry of the temporary injunction. In due course, appellees filed a motion for summary judgment, as did appellant. After hearing, the district court denied appellant's motion for summary judgment and granted that of appellees. Upon motion, this Court consolidated the appeals of the City of Austin from the entry of the temporary injunction and the summary judgment. We will affirm the judgment of the district court.

In their trial petition appellees contended that since the action taken by the City Council in changing the name of 19th Street was by *motion* instead of by *ordinance*, the City Council's action was void and of no legal effect. This was so, appellees claimed, since the changing of the name of the street was "legislative" in nature and constituted "legislation." Article II, Section 11 of the Charter of the City of Austin, requires that all "legislation" be by *ordinance*.

The summary judgment recited in part that ". . . the City of Austin, on April 10, 1975, attempted to rename 19th Street in the City of Austin to Martin Luther King, Jr., Boulevard by motion, but that changing the name of a street is a legislative act which can be accomplished only by ordinance, as required by Section 11

of Article II of the City Charter of the City of Austin which provides that the City Council shall legislate by ordinance only, and such action is therefore void and of no force and effect."

The summary judgment declared further that ". . . the action of the City Council of Austin, Texas on or about April 10, 1975, attempting to change the name of 19th Street to Martin Luther King, Jr., Boulevard by motion is hereby declared to be of no force or effect, is null and void, and Plaintiffs' Motion for Summary Judgment to such effect is hereby granted."

By one point of error Appellant City contends that the district court erred in holding that the street name change must be effected by ordinance and cannot be effected by motion.

If the change of the name of the street was "legislative" in nature, then, according to the Charter, the change had to be effected by ordinance rather than by motion or resolution.

■ We are unable to find authority directly in point. The term "legislative," however, has been discussed often in connection with the right of referendum. In that context, at least, "legislative" relates to subjects of a general or permanent character, as distinguished from those subjects which are transitory, temporary, or routine. An enactment originating a permanent law or laying down a rule of conduct or course of policy is legislative in character, but an enactment which puts into execution previously declared policies is administrative or executive in character. *Denman v. Quin*, 116 S.W.2d 783 (Tex.Civ.App.1938, writ ref'd).

"Actions relating to subjects of a permanent and general character are usually regarded as legislative, and those providing for subjects of a temporary and special character and regarded as administrative. In this connection an ordinance which shows an intent to form a permanent rule of government until repealed is one of permanent operation. Obviously, details which are essentially of a fluctuating sort, due to economic or other conditions, cannot be set up in and by an ordinance to be submitted to the vote of the people.

"The test of what is a legislative and what is an administrative proposition, with respect to the initiative or referendum, has further been said to be whether the proposition is one to make new law or to execute law already in existence." 5 McQuillin, *Municipal Corporations* § 16.55 (3rd Ed. 1969 Rev. Vol.).

Several out-of-state cases indicate that the naming or changing the name of a street is a "legislative" action. See *People v. City of Chicago*, 413 Ill. 315, 109 N.E.2d 201 (1952), *Hagerty v. City of Chicago*, 360 Ill. 97, 195 N.E. 652 (1935), *Bacon v. Miller*, 247 N.Y. 311, 160 N.E. 381 (1928), *Eldridge v. Fawcett*, 128 Wash. 615, 223 P. 1040 (1924).

■ Applying the facts of this appeal to the standards set out in *Denman, supra,* and in the quoted section of McQuillin, we are of the opinion that the change of the street name was a "legislative" action by the City Council and was one required to be effected by ordinance instead of by motion. The name change was intended to be permanent. By changing the name the Council did not put into execution any previously declared policy or law. More important, the change of the name of the street was not based upon a minute investigation of facts and figures, and did not involve the application of expert or technical knowledge as is characteristic of administrative or executive actions.

The judgment is affirmed.