[No. 49732-0.   En Banc.   January 26, 1984.]

DONALD J. HEIDER, ET AL, *Appellants,* v. THE CITY OF SEATTLE, *Respondent.*

P. J. Sferra, for appellants.

Douglas N. Jewett, City Attorney, and Sean Sheehan, Assistant, for respondent.

PEARSON, J.—On July 19, 1982, the Seattle City Council unanimously passed ordinance 110692. This ordinance amended the city's comprehensive street names ordinance by changing the name of Empire Way to Martin Luther King Jr. Way. Appellants, owners of businesses along the street, seek to obtain a referendum election on the name change. Appellants also seek damages for their expenses to be incurred in conforming to the street name change. The King County Superior Court ruled against appellants on both counts. The court held the ordinance was immune from referendum as an administrative action, as opposed to a legislative action. The court also denied damages, finding that the appellants did not have a protected property interest in the street name. We affirm the trial court.

We first address the issue whether a municipal ordinance changing a street name is immune from referendum as an administrative action, as opposed to a legislative action.

The rule in this state is that "the referendum power extends only to matters legislative in character and not to merely administrative acts." Citizens for Financially Responsible Gov't v. Spokane, 99 Wn.2d 339, 347, 662 P.2d 845 (1983). See also Ballasiotes v. Gardner, 97 Wn.2d 191, 642 P.2d 397 (1982); Leonard v. Bothell, 87 Wn.2d 847, 557 P.2d 1306 (1976); Ruano v. Spellman, 81 Wn.2d 820, 505 P.2d 447 (1973).

These prior decisions provide guidance on the administrative–legislative distinction, but there is no directly controlling precedent concerning street name changes. In Citizens at page 347 we noted two "tests" which have been

used in distinguishing between the two.

> Actions relating to subjects of a permanent and general character are usually regarded as legislative, and those providing for subjects of a temporary and special character are regarded as administrative.

5 E. McQuillin, [*Municipal Corporations* § 16.55, at 194 (3d rev. ed. 1981)]. Another test has been whether the proposition is one to make new law or to execute law already in existence.

> The power to be exercised is legislative in its nature if it prescribes a new policy or plan; whereas, it is administrative in its nature if it merely pursues a plan already adopted by the legislative body itself, or some power superior to it.

5 E. McQuillin, § 16.55, at 194; *Durocher v. King Cy.*, 80 Wn.2d 139, 152–53, 492 P.2d 547 (1972); *Ruano v. Spellman, supra* at 823.

The first test is of little assistance since a street name change is of a "permanent" character but not "general" in character. Also, the change could be characterized as "special" but not "temporary."

The second test is of more assistance in making the legislative–administrative distinction in this case. The name change ordinance merely amended Seattle's comprehensive street names ordinance. Therefore, the ordinance should be characterized as administrative, since it was enacted "[pursuant to] a plan already adopted by the legislative body itself . . ."

Additional guidance for making the administrative–legislative distinction is found in our decision in *Leonard v. Bothell, supra. Leonard v. Bothell* at page 850 dealt with an amendment to a zoning code which we held was an administrative act immune from referendum.

> Generally, when a municipality adopts a zoning code and a comprehensive plan, it acts in a legislative policy–making capacity. . . . Amendments of the zoning code, or rezones, usually are decisions by a municipal legislative body implementing the zoning code and a comprehensive plan. The legislative body essentially is then performing its administrative function.

■ The street name change is analogous to an amendment to a zoning code. The comprehensive street names ordinance is comparable to an existing zoning code or comprehensive plan. Therefore, by analogy a name change ordinance, like a rezone or amendment to a zoning code, is an administrative function. For the foregoing reasons, we hold that an ordinance changing the name of a street is an administrative act immune from referendum.

■ Appellants argue that they are entitled to damages for their expenses to be incurred in conforming to a street name change. Appellants may incur some expenses in changing stationery, window signs, and advertising to conform to the name change. However, there is no authority for the proposition that they have a property interest in the street name. On the contrary, the two courts that have directly addressed the issue held that those owning property abutting municipal streets have no property right in the street name. *Hagerty v. Chicago*, 360 Ill. 97, 195 N.E. 652 (1935); *Goodman v. Atlanta*, 246 Ga. 79, 268 S.E.2d 663 (1980). We agree and hold that appellants are not entitled to damages for their expenses to be incurred in conforming to the street name change.

The judgment is affirmed.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.