# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00589-CV

**In re Jim Hollis and Christopher Juusola**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Jim Hollis and Christopher Juusola filed a petition for writ of mandamus seeking to compel the Buda City Council to submit a recent Council action to the qualified voters of Buda, Texas. Buda's City Charter provides for a referendum process by which qualified voters may file a petition to have an ordinance passed by the City Council submitted to the voters for approval or disapproval.

We have jurisdiction over this petition under section 273.061 of the election code. *See* Tex. Elec. Code Ann. § 273.061 (West 2003) ("The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election . . . .").

On June 2, 2009, the City Council approved an amendment to an agreement creating a municipal utility district (MUD) in connection with land located in Buda's extraterritorial jurisdiction. This amendment, referred to by the parties as Amendment No. 3, allows for "light industrial" use on a portion of the property. After Amendment No. 3 was approved by the City

Council, a number of Buda voters filed a referendum petition pursuant to the City Charter. The City Secretary certified the petition as bearing a sufficient number of signatures to qualify for the referendum process. On September 15, 2009, the City Council considered the referendum petition, but refused to submit the matter to the voters, taking the position that Amendment No. 3 is not an ordinance and therefore not subject to the referendum process.

Section 9.13(1) of the City Charter states, in relevant part:

> Qualified voters of the City may require that any ordinance, with the exception of ordinances dealing with any budget or any capital program, or relating to appropriation of money, issuing of bonds, setting of utility rates and levy of taxes or salaries of City officers or employees, or any other ordinance not subject to referendum as provided by state statute or case law, passed by the City Council be submitted to the voters of the City for approval or disapproval, by submitting a petition for this purpose within sixty (60) days after the date the ordinance sought to be reconsidered was adopted.

The question at issue is whether the City Council's approval of Amendment No. 3 qualifies as an ordinance for purposes of the referendum process outlined in the City Charter. If the City Council's action qualifies as an ordinance subject to the referendum process, the relators are entitled to mandamus relief. *See Glass v. Smith*, 244 S.W.2d 645, 654 (Tex. 1951).

"A matter is proper for the initiative and referendum [process] if (1) the subject matter of the proposed ordinance is legislative in character; and (2) it has not been withdrawn or excluded by general law or the charter, either expressly or by necessary implication, from the operative field of initiative. If these conditions are met, mandamus is appropriate." *Humphrey v. Balli*, 61 S.W.3d 519, 523 (Tex. App.—San Antonio 2001, no pet.) (internal quotation marks and citation omitted).

2

While zoning and land use designations are generally considered legislative in character, *see City of Pharr v. Tippitt*, 616 S.W.2d 173, 175 (Tex. 1981); *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 487 (Tex. App.—Austin 2004, pet. denied), Amendment No. 3 affects only the land use designation of land that is located in the City's extraterritorial jurisdiction. The City of Buda has no right to legislate land use in its extraterritorial jurisdiction. Tex. Loc. Gov't Code Ann. § 212.003(a)(1) (West 2008) (providing that municipality shall not regulate "the use of any building or property for business, industrial, residential, or other purposes" in its extraterritorial jurisdiction unless otherwise authorized by state law). The City Council does, however, have the authority to enter into a developmental agreement with an owner of land that is located in the City's extraterritorial jurisdiction that, among other things, "specif[ies] the uses and development of the land." *Id.* § 212.172(b)(8) (West 2008). That is precisely what the City Council has done here.[1] Amendment No. 3 is not legislative in character because its resulting land use designation for property in the City's extraterritorial jurisdiction could only be accomplished through an agreement between the City and the landowner, rather than by legislative act.

The temporary nature of the agreement underscores our conclusion that Amendment No. 3 was not legislative in character. In determining whether an ordinance is legislative in character for referendum purposes, "'legislative' relates to subjects of a general or permanent character, as distinguished from those subjects which are transitory, temporary, or routine." *City of Austin v.*

---

[1] The parties to the agreement at issue here are the City, the MUD, and the owner of the property to be included in the MUD. While the agreement is described as an agreement concerning creation and operation of the MUD, *see* Tex. Loc. Gov't Code Ann. § 42.042 (West 2008), it also includes the elements of and essentially functions as a development agreement under section 212.172 of the local government code. *See* Tex. Loc. Gov't Code Ann. § 212.172 (West 2008).

*Findlay*, 538 S.W.2d 9, 11 (Tex. Civ. App.—Austin 1976, no writ) (holding that changing name of street is legislative action).  The contract between the City of Buda and the landowner in its extraterritorial jurisdiction is set to expire, by its own terms, at the later of (1) the term of any outstanding bond indebtedness for which the MUD is responsible, or (2) twenty years.  *See also* Tex. Loc. Gov't Code Ann. § 212.172(d) (limiting terms of development agreement related to extraterritorial jurisdiction to fifteen years and capping total duration of agreement, including any renewals, at 45 years).  As a result, Amendment No. 3 is temporary by definition and therefore is not a legislative act.  *See Findlay*, 538 S.W.2d at 11.

Because Amendment No. 3, changing the land use designation of property in the City's extraterritorial jurisdiction pursuant to a development agreement with the landowner, is not legislative in character, it is not subject to the initiative and referendum process outlined in Buda's City Charter.  Accordingly, the petition for writ of mandamus is denied.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed:   November 19, 2009

4