TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00589-CV







In re Jim Hollis and Christopher Juusola







ORIGINAL PROCEEDING FROM HAYS COUNTY





M E M O R A N D U M O P I N I O N


 Relators Jim Hollis and Christopher Juusola filed a petition for writ of mandamus
seeking to compel the Buda City Council to submit a recent Council action to the qualified voters
of Buda, Texas. Buda's City Charter provides for a referendum process by which qualified voters
may file a petition to have an ordinance passed by the City Council submitted to the voters for
approval or disapproval.

 We have jurisdiction over this petition under section 273.061 of the election code. 
See Tex. Elec. Code Ann. § 273.061 (West 2003) ("The supreme court or a court of appeals may
issue a writ of mandamus to compel the performance of any duty imposed by law in connection with
the holding of an election . . . ."). 

 On June 2, 2009, the City Council approved an amendment to an agreement creating
a municipal utility district (MUD) in connection with land located in Buda's extraterritorial
jurisdiction. This amendment, referred to by the parties as Amendment No. 3, allows for "light
industrial" use on a portion of the property. After Amendment No. 3 was approved by the City
Council, a number of Buda voters filed a referendum petition pursuant to the City Charter. The City
Secretary certified the petition as bearing a sufficient number of signatures to qualify for the
referendum process. On September 15, 2009, the City Council considered the referendum petition,
but refused to submit the matter to the voters, taking the position that Amendment No. 3 is not an
ordinance and therefore not subject to the referendum process.

 Section 9.13(1) of the City Charter states, in relevant part:

 Qualified voters of the City may require that any ordinance, with the exception of
ordinances dealing with any budget or any capital program, or relating to
appropriation of money, issuing of bonds, setting of utility rates and levy of taxes or
salaries of City officers or employees, or any other ordinance not subject to
referendum as provided by state statute or case law, passed by the City Council be
submitted to the voters of the City for approval or disapproval, by submitting a
petition for this purpose within sixty (60) days after the date the ordinance sought to
be reconsidered was adopted.

 The question at issue is whether the City Council's approval of Amendment No. 3
qualifies as an ordinance for purposes of the referendum process outlined in the City Charter. If the
City Council's action qualifies as an ordinance subject to the referendum process, the relators are
entitled to mandamus relief. See Glass v. Smith, 244 S.W.2d 645, 654 (Tex. 1951). 

 "A matter is proper for the initiative and referendum [process] if (1) the subject matter
of the proposed ordinance is legislative in character; and (2) it has not been withdrawn or excluded
by general law or the charter, either expressly or by necessary implication, from the operative field
of initiative. If these conditions are met, mandamus is appropriate." Humphrey v. Balli, 61 S.W.3d
519, 523 (Tex. App.--San Antonio 2001, no pet.) (internal quotation marks and citation omitted). 

 While zoning and land use designations are generally considered legislative in
character, see City of Pharr v. Tippitt, 616 S.W.2d 173, 175 (Tex. 1981); Weatherford v. City of San
Marcos, 157 S.W.3d 473, 487 (Tex. App.--Austin 2004, pet. denied), Amendment No. 3 affects
only the land use designation of land that is located in the City's extraterritorial jurisdiction. The
City of Buda has no right to legislate land use in its extraterritorial jurisdiction. Tex. Loc. Gov't
Code Ann. § 212.003(a)(1) (West 2008) (providing that municipality shall not regulate "the use of
any building or property for business, industrial, residential, or other purposes" in its extraterritorial
jurisdiction unless otherwise authorized by state law). The City Council does, however, have the
authority to enter into a developmental agreement with an owner of land that is located in the City's
extraterritorial jurisdiction that, among other things, "specif[ies] the uses and development of the
land." Id. § 212.172(b)(8) (West 2008). That is precisely what the City Council has done here. (1) 
Amendment No. 3 is not legislative in character because its resulting land use designation for
property in the City's extraterritorial jurisdiction could only be accomplished through an agreement
between the City and the landowner, rather than by legislative act.

 The temporary nature of the agreement underscores our conclusion that Amendment
No. 3 was not legislative in character. In determining whether an ordinance is legislative in character
for referendum purposes, "'legislative' relates to subjects of a general or permanent character, as
distinguished from those subjects which are transitory, temporary, or routine." City of Austin v.
Findlay, 538 S.W.2d 9, 11 (Tex. Civ. App.--Austin 1976, no writ) (holding that changing name of
street is legislative action). The contract between the City of Buda and the landowner in its
extraterritorial jurisdiction is set to expire, by its own terms, at the later of (1) the term of any
outstanding bond indebtedness for which the MUD is responsible, or (2) twenty years. See also
Tex. Loc. Gov't Code Ann. § 212.172(d) (limiting terms of development agreement related to
extraterritorial jurisdiction to fifteen years and capping total duration of agreement, including any
renewals, at 45 years). As a result, Amendment No. 3 is temporary by definition and therefore is not
a legislative act. See Findlay, 538 S.W.2d at 11.

 Because Amendment No. 3, changing the land use designation of property in the
City's extraterritorial jurisdiction pursuant to a development agreement with the landowner, is not
legislative in character, it is not subject to the initiative and referendum process outlined in Buda's
City Charter. Accordingly, the petition for writ of mandamus is denied. 


 


 ___________________________________________

 

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: November 19, 2009
1. The parties to the agreement at issue here are the City, the MUD, and the owner of the
property to be included in the MUD. While the agreement is described as an agreement concerning
creation and operation of the MUD, see Tex. Loc. Gov't Code Ann. § 42.042 (West 2008), it also
includes the elements of and essentially functions as a development agreement under section 212.172
of the local government code. See Tex. Loc. Gov't Code Ann. § 212.172 (West 2008).