19741.  DuPRE *v.* CITY OF MARIETTA.

SUBMITTED JUNE 10, 1957—DECIDED JULY 3, 1957.

404

*Claud M. Hicks, J. Douglas Henderson,* for plaintiff in error.
*Scott S. Edwards, Jr.,* contra.

DUCKWORTH, Chief Justice. ■ The charter of the City of Marietta invests its mayor and council with wide general powers to "open, improve, change or close" streets of the city. Ga. L. 1904, pp. 519, 528, § 24. This power is broad enough to authorize them to exercise poor judgment so long as it is their judgment and is not capricious and arbitrary in opening and locating streets anywhere within the city. It is not permissible for courts to substitute the court's judgment for that of the mayor and council in such matters. *Danielly* v. *Cabaniss*, 52 *Ga.* 211 (4); *Keely* v. *City of Atlanta*, 69 *Ga.* 583; *Schofield* v. *Bishop*, 192 *Ga.* 732 (16 S. E. 2d 714); *Story* v. *City of Macon*, 205 *Ga.* 590 (54 S. E. 2d 396); *Kirkland* v. *Johnson*, 209 *Ga.* 824 (76 S. E. 2d 396). The same section of the charter empowers the mayor and council to condemn property for such street purposes. The charter further provides that, before such condemnation, the mayor and council must "pass ordinances specifying in what manner said property shall be condemned." This quoted provision does not refer to the steps in the court procedure, but means only that the ordinance must provide if private negotiation for purchase shall first be had, and failing in that, proceedings according to law shall be prosecuted to condemn described property for stated purposes. That was done in this case. The ordinance meets these requirements and satisfies the charter in this respect.

■ The power to open streets and condemn property for that purpose is confined to property located within the corporate limits of the City of Marietta and does not include property outside the corporate limits. See Charter of City of Marietta (Ga. L. 1904, p. 519; 1910, p. 942; 1943, p. 1446, etc.); *Botts* v. *Southeastern Pipe-Line Co.*, 190 *Ga.* 689 (10 S. E. 2d 375). The petitioner admits that the procedure for annexation was fully complied with in reference to the land here sought to be condemned, but he alleges that such procedure was void because the law itself is void in that it violates the constitutional inhibition against delegating legislative powers. Code (Ann.) § 2-1301. The matter of fixing municipal corporate limits is strictly legislative, and it was beyond the power of the General Assembly to delegate its exclusive power to alter the corporate limits of the City of Marietta in the manner provided by the act and pursued

in reference to the land here involved. The statute is therefore unconstitutional and void. *Phillips*'v. *City of Atlanta*, 210 *Ga.* 72 (77 S. E. 2d 723). Consequently, the procedure thereunder was void and did not change the corporate limits to include this land within the city.

But in 1953 the charter of Marietta was amended (Ga. L. 1953, Nov.-Dec. Sess., p. 2267). This amendment ratified all previous incorporations of territory into the city, or attempts to do so under the 1946 act, and expressly included all such lands within the city, referring to the city ordinance, including plats, maps, and descriptions of such lands for the description in the act, stating that copies of such were on file in the office of the Secretary of State of Georgia. By this 1953 act the land here involved was lawfully included in the city and is now a part of the city. No attack was made in the trial court upon the validity of the 1953 charter amendment. Therefore, arguments in the brief of counsel in this court that the act is invalid because the description is inadequate must be disregarded and the law accepted as being valid. Being a part of the city, this land is subject to the proper exercise by the mayor and council of charter powers to condemn for street purposes.

■ Notwithstanding recitals in the ordinance that a 71-acre tract of land had come into the city pursuant to the 1946 annexation act, supra, which we have held was void, and all proceedings thereunder are void; and that the street in question was necessary as a means of ingress and egress for the citizens of Marietta to the 71-acre area; and notwithstanding the fact that said 71-acre tract has never become a part of the city—we can not say the city is without authority to open the street in question for the purposes recited in that ordinance. Even though the mayor and council might have acted because of a desire to afford accommodations to those residing in the 71-acre tract because of an erroneous belief that they were residents of the city, and might even now refuse to proceed further when they learn it is outside the city, it remains nevertheless a matter solely for their decision uncontrolled by court decree. It might be good business and wise to provide a way for those outside people to come into the city and trade, and courts have no right to decide such matters.

Nor do the previous negotiations by owners of the 71-acre tract with this petitioner for the purchase of the right of way here involved, which never reached the stage of becoming a contract, affect in any manner the city's right to condemn. Furthermore, a previous ordinance providing for condemning this property, and reciting that the same parties who had negotiated with the petitioner would reimburse the city for the cost to it of the land condemned, is wholly irrelevant here and in no wise affects the ruling we make.

For the foregoing reasons, the petition alleges no cause of action, and the court did not err in sustaining the demurrer thereto and dismissing the same.

*Judgment affirmed. All the Justices concur.*