43504.   INSURANCE COMPANY OF NORTH AMERICA et al. v. COOLEY.

Argued March 6, 1968—Decided June 5, 1968—
Rehearing denied June 24, 1968—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Telford, Wayne & Stewart, Jeff C. Wayne,* for appellee.

Pannell, Judge. "Legally speaking, Mrs. [Cooley] could only demand support from her husband, but this does not prevent dependency upon her son, *as a fact." Glens Falls Indem. Co. v. Jordan,* 56 Ga. App. 449, 457 (193 SE 96). And partial dependency of the mother may be established though the son's

contributions to her be at irregular intervals and of irregular amounts. *Glens Falls Indem. Co. v. Jordan,* supra, at p. 456. "Dependency does not depend on whether the alleged dependents could support themselves without decedent's earnings, or so reduce their expenses that they would be supported independent of his earnings, but on whether they were in fact supported in whole or in part by such earnings, under circumstances indicating an intent on the part of the deceased to furnish such support." *Glens Falls Indem. Co. v. Jordan,* supra, at p. 453. The question of dependency is one of fact, to be determined according to the facts and circumstances of each particular case, from the amounts, frequency and continuity of actual contributions of cash and supplies, the need of the claimant, and the legal or moral obligations of the employee. *Maryland Cas. Co. v. Campbell,* 34 Ga. App. 311 (129 SE 447). "Standard of living" is a generic term and is question of fact rather than law, where evidence is sufficient to sustain a finding of dependency. *London Guarantee &c. Co. v. Bernstein,* 74 Ga. App. 692 (1a) (41 SE2d 810). The question here is: Did the evidence demand a finding as a fact that the claimant (mother) was not partially dependent upon the deceased son for support? If so, the judgment should be reversed, otherwise affirmed. In the case of *Glens Falls Indem. Co. v. Jordan,* supra, the court held: While ordinarily no exact standard for the determination of dependency is prescribed by statute, and it is difficult, if not impossible, to formulate such a standard, it may be said in general terms that a "dependent" is one who looks to another for support, or is dependent upon another for the ordinary necessities of life, for a person of his class and position; and that, to be entitled to compensation as a dependent, one need not deprive himself of the ordinary necessities of life to which he has become accustomed. It follows that dependency does not depend on whether the alleged dependents could support themselves .without decedent's earnings, or so reduce their expenses that they would be supported independently of his earnings, but whether they were supported in whole or in part by such earnings, under the circumstances indicating an intent on the part of the deceased to furnish such support. The Supreme Court of Georgia in *Savannah Electric Co. v. Bell,* 124

Ga. 663, 664 (53 SE 109), in defining dependency in a damage suit by a mother for wrongful homicide of her child, held as follows: "There may have been some person, other than the deceased, who was charged with the legal duty of supporting the mother, and against whom, in case of failure to render such support, an action would lie. But it is not the purpose of the statute to require, as a condition precedent to a mother's recovery for the homicide of a child, that she should exhaust every legal right she possessed against every person or all property charged with her support. The right of action consists in the contribution by the child and the fact that, under the circumstances as they existed at the time of the homicide, the mother was dependent upon such child in whole or in part for her support. See *Central of Ga. R. Co. v. Henson*, 121 Ga. 462 (49 SE 278); *Richmond R. Co. v. Johnson*, 89 Ga. 560 (15 SE 908); *Smith v. Hatcher*, 102 Ga. 158 (29 SE 162). Also in the case of *Fuller v. Inman*, 10 Ga. App. 680 (74 SE 287), construing Code § 4424 of Civil Code of 1910, now *Code* § 105-1307, the mother is permitted to recover, notwithstanding the father of the child is in life, in good health, living with the family, and exercising his personal rights up to the time of the child's death. The case of *Smith v. Travelers Ins. Co.*, 71 Ga. App. 24, 25 (29 SE2d 709) is distinguishable from this case because the mother in that case was the head of the household and the amount contributed by the son would in that instance be charged against the amount used for his board, but, in the present case, such is not the case.

The case of *Bituminous Cas. Corp. v. Williams*, 80 Ga. App. 337 (2) (56 SE2d 157) is a total dependency case and is not under rule of partial dependency.

While we find no Georgia cases directly in point under the Workmen's Compensation Act, the Act is to be liberally construed. We think there is ample evidence to support the finding that the mother was partially dependent upon the deceased son for support and in such instances in the absence of fraud the findings of the board are binding upon this court. The ruling of the lower court is therefore affirmed.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*