25371. LOCAL 574, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AF of L, CIO v. FLOYD, City Manager, et al.

ARGUED SEPTEMBER 8, 1969—DECIDED OCTOBER 8, 1969.

*W. Lance Smith, Barnard M. Portman,* for appellant.
*Jack H. Usher, Kirk McAlpin,* for appellees.

GRICE, Justice. This appeal arises from the sustaining of a motion to dismiss a complaint seeking mandamus to require a municipality to recognize a labor organization as representative of its firefighter employees and to begin collective bargaining with it.

Local 574, International Association of Firefighters, AF of L, CIO, filed the action in the Superior Court of Chatham County against Picot Floyd, City Manager, J. Curtis Lewis, Mayor, and named aldermen of the City of Savannah.

The complaint, insofar as necessary to recite here, made the allegations which follow.

The Union seeks to represent the majority of the firefighter employees of the City as bargaining agent for the improvement of hours, wages and conditions of employment. Unless its right to do so is enforced, it will sustain immeasurable loss and will be without any remedy at law. "A certain bill that was signed into law, known as H. B. 1645 as amended of 1968 [Ga. L. 1968, p. 2953]" provides that a public employer shall have the authority and duty to bargain collectively with such labor organization as has been designated as exclusive representative of employees in an appropriate unit. A majority of the city's firefighter employees have designated the Union as their representative. The City has failed and refused to bargain with such representative and has threatened to change the unit designation of the firefighters to defeat the purpose of the Act. The public safety officers program has not been implemented by the City as required by law, and if implemented would violate their rights without due process of law. Georgia Laws 1953, November Session, page 624 (*Code Ann.* §§ 54-909, 54-9923) does not apply to these employees, and furthermore is unconstitutional since it violates the freedom of association portion of the First Amendment to the United States Constitution.

The complaint prayed that mandamus nisi be directed to the City for it to show cause why mandamus should not be issued requiring the City to recognize the Union as the exclusive representative for all firemen for collective bargaining with respect to pay, wages, hours, and other conditions of employment and methods of resolving disputes, and to begin bargaining and to

refrain from changing their designated unit without bargaining; and that upon the hearing the mandamus be made absolute and the City be required to recognize said representative and to begin collective bargaining immediately.

To the foregoing complaint the City filed an answer, interposing defenses of fact and law, and a motion to dismiss the complaint.

In passing upon the City's motion to dismiss, the trial court ruled, upon three grounds, that the statute relied upon by the Union (Ga. L. 1968, p. 2953) is unconstitutional because it is a special law regarding a subject for which provision has been made by an existing general law. It also sustained those grounds of the motion which asserted that mandamus would not lie because discretionary and continuous acts are involved, ruled that certain of the grounds were not meritorious, and found it unnecessary to pass upon others.

We agree with the trial court that the statute in question, Georgia Laws 1968, page 2953, violates Article I, Section IV, Paragraph I of our State Constitution (*Code Ann.* § 2-401), which provides in material part that "Laws of a general nature shall have uniform operation throughout the state, and no special law shall be enacted in any case for which provision has been made by an existing general law."

In reaching this conclusion we find it necessary to deal only with the ground of the motion which, in substance, asserts that the 1968 statute, supra, is a special law dealing with matters provided for by Georgia Laws 1962, page 140 (*Code Ann.* §§ 69-309, 69-310), a general law.

The 1962 law has statewide application and unquestionably is a general law. It provides, insofar as essential to state here, the following: "In addition to the powers it may now have, the governing body of any incorporated municipality shall have the following powers. . . The power to establish municipal offices, agencies, and employments; to define, regulate and alter the powers, duties, qualifications, compensation and tenure of all municipal officers, agents and employees."

The 1968 law, supra, is, without dispute, a special law, applying only to the City of Savannah and Chatham County. It

provides for employees of Chatham County or any political subdivision thereof to have the right to organize and bargain collectively through representatives of their own choosing on questions of "wages, hours, and other conditions of employment and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, free from interference, restraint or coercion"; and for exclusive representation of such employees by labor organizations designated as their representative for such collective bargaining. The 1968 Act recites "That the public employer [defined as Chatham County or any political subdivision thereof] and such labor organization as has been designated as exclusive representative of employees in an appropriate unit, through appropriate officials or their representatives, shall have the authority and duty to bargain collectively." It also provides for written agreements reached by negotiation, suits for violation of agreements, and other provisions not necessary to refer to here.

This 1968 special law, in our view, attempts to restrict the powers granted by the 1962 general law, supra, to municipalities in dealing with their employees.

As related above, the 1962 general law vests in each municipality of this state the "power . . . to define, regulate and alter the powers, duties, qualifications, compensation and tenure" of its employees. These powers are full and complete. They may be executed by the City in any manner it chooses, in the exercise of its nondelegable discretion. The City is not required to bargain collectively with any person or organization as to those powers.

This is not so under the 1968 law. According to its provisions, when an issue arises the City has the "duty to bargain collectively" with the Union as to "questions of wages, hours, and other conditions of employment," which is in substance the same subject matter embraced in the powers granted by the above quoted portion of the 1962 general law.

The effect of this 1968 special legislation would be to place restrictions, in the form of mandatory collective bargaining, upon the unlimited powers granted by the 1962 general law. This is in clear violation of the constitutional prohibition

against the enactment of a special law where provision has been made by existing general law. Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401).

Since the Union's complaint is based upon rights asserted under Georgia Laws 1968, page 2953, and since we have ruled that this law is unconstitutional, the trial court correctly dismissed the complaint and denied the mandamus absolute.

*Judgment affirmed. All the Justices concur.*