## 25552.   FENDER, Administrator v. FENDER et al.

FELTON, Justice.   1.   "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract."   *Code* § 37-710.

2. This claim against the estate of a man was properly sued on in this action against his widow, it being alleged that the decedent died intestate without lineal descendants, that there was no administration on the estate and that the present claim was the only debt due by the estate. *Code* § 113-903 (1); *Moore v. Smith,* 121 Ga. 479, 481 (49 SE 601); *Phillips v. Phillips,* 163 Ga. 899, 905 (137 SE 561).

3. The amended complaint of the administrator of the original plaintiff, who died pending the action, stated a claim against the defendant nonresident widow, as grantee of certain real property situated in Cook County, Georgia, which was conveyed to her by her deceased husband, for cancellation of the prior deed to said property from the original plaintiff to the defendant's decedent on account of great inadequacy · and failure of consideration, and great disparity of mental ability in contracting the bargain. Therefore, the trial court erred in its judgment sustaining the motion to dismiss the complaint as to this portion of the claim.

4. This action was filed before the effective date of the Civil Practice Act and the trial court, under the Acts codified in *Code Ann.* § 81A-186, applied the Civil Practice Act without objection from either party in this case and treated the general demurrers as motions to dismiss. It follows that the questions as to laches and failure to allege a tender or restoration to the appellee of admitted benefits received by the plaintiff in consideration of the deed in question are matters of evidence, and not pleadings. The Supreme Court of the United States, in Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80) construed the Federal law which Georgia copied. It said: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The petition as amended in this case does not negative the right of the plaintiff to prevail.

5. The sustaining of the motion to dismiss the complaint was not error as to the claim therein for in personam damages against the nonresident defendant, upon whom there was no personal service and of whom the trial court consequently had no jurisdiction.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED DECEMBER 8, 1969—DECIDED FEBRUARY 10, 1970.

*Edward Parrish,* for appellant.
*Virgil D. Griffis,* for appellees.