26356.   TRI-CITY SANITATION, INC. v. ACTION
SANITATION SERVICE, INC. et al.

FELTON, Justice. When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, "the new rules require that it be construed in the light most favorable to the plaintiff with all

doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260)." *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598); *Fender v. Fender,* 226 Ga. 129 (4) (173 SE2d 211) and cit. The complaint in this case, set forth in its entirety hereinbelow, does not negative the right of the plaintiff to prevail under one or more of the theories alleged therein; therefore, the trial court erred in its judgment sustaining the motion to dismiss.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 8, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 22, 1971.

*Roland P. Smith,* for appellant.
*Charles J. Driebe,* for appellees.

The complaint alleged as follows: "The defendants are residents of Clayton County, Ga., and are subject to the jurisdiction of this honorable court.

"1. The defendant, Thomas David Trammell, entered into an agreement on the 10th day of July, 1969, between Thomas David Trammell and Franklin R. Frame and Euell B. Busby, Jr., a copy of said contract being attached hereto marked 'Exhibit A' and made a part hereof.

"2. Under the provisions of said contract in paragraph 4 thereof, the said Thomas David Trammell has entered into a covenant not to compete with the buyers, Franklin R. Frame and Euell B. Busby, Jr., in the following language: '4. As a part of the consideration of the $44,000, $4,000 is paid the seller as an agreement not to compete with the buyers in the operation of any garbage company within the limits of Clayton County for the next five years following the execution of this contract. This $4,000 to be the first four monthly instalments paid in 1970.'

"3. This contract was executed July 10, 1969.

"4. Such sale from Thomas David Trammell to Franklin R. Frame and Euell B. Busby, Jr., transferred all stock owned by the said defendant, Trammell, issued and outstanding in a corporation

known as Kleen Rite Sanitation Co., Inc., together with described assets of said corporation.

"5. On February 7, 1970, Franklin R. Frame did agree to sell to James P. Babb and H. H. Paben the residential accounts, trucks, and accessory equipment to be inventoried, not to include the commercial equipment and accessories and such agreement to sell was reduced to writing and was witnessed by the defendant.

"6. On the 10th day of February, 1970, Kleen Rite Sanitation Co., Inc., a Georgia corporation, and Tri-City Sanitation, Inc., a Georgia corporation, did enter into an agreement whereby Tri-City Sanitation, Inc., for certain sums in hand paid, did purchase certain enumerated equipment from Kleen Rite Sanitation Co., Inc., and did assume certain obligations of the company, one of which was a note in favor of T. D. Trammell with a present balance of $33,000 and Tri-City Sanitation, under the terms of said agreement, did make to Thomas David Trammell payments during 1970 in the amount of $1,000 each, which constituted $2,000 of the $4,000 consideration given to Trammell not to compete.

"7. That these payments made by Tri-City Sanitation Co., Inc., were the March and April, 1970 payments of the covenant not to compete and such payment was contractual between Tri-City Sanitation, Inc., and Kleen Rite Sanitation Co., Inc., and was accepted by defendant Trammell.

"8. That the said Kleen Rite Sanitation Co., Inc., did, by such agreement as hereinbefore described and which is attached hereto marked 'Exhibit B,' by itself, warrant and defend the right, and title, of the above property and did consent and agree not to engage in any manner in the operation of a *residential* garbage business within a radius of 50 miles of Clayton County, Georgia, within a period of five years from the date first written above.

"9. That the said Thomas David Trammell is now employed by Action Sanitation Service, Inc., as residential garbage collection manager and under a letter dated July 11, 1970, a copy of which is attached hereto marked 'Exhibit C,' the said Action Sanitation Service, Inc., and Thomas David Trammell are soliciting business for residential accounts in the collection of garbage in Clayton County, the said defendant Trammell doing so in violation of his restrictive covenant not to compete. Action Sanitation Service,

Inc., has had and does have knowledge of defendant Trammell's covenant not to compete and is aiding and abetting the defendant to breach said covenant not to compete. That Action Sanitation Service, Inc., will profit by its inducing, or countenancing this breach of covenant and should be enjoined.

"10. Plaintiffs further allege that in view of the letter of June 11, 1970, sent to various and sundry persons in Clayton County, in which these defendants indicate their intention to begin servicing businesses as of August 1, 1970, that this plaintiff will be irreparably harmed by the court's failure to grant to plaintiff a temporary injunction and a restraining order restraining these defendants and enjoining them from entering into any garbage collection business in Clayton County, Georgia, using the services of the said Thomas David Trammell or using service or knowledge already acquired or performed by him in competition with plaintiff.

"11. Plaintiff further shows that he should have equity in this matter and that he has no adequate remedy at law to enjoin and restrain defendant from this breach.

"12. The plaintiff reserves the right at any time before final judgment herein to demand damages from defendants for any ascertainable or provable damages arising from this breach of covenant on the part of defendants herein.

"Wherefore, petitioner prays:

"(a) That this court immediately restrain and enjoin the defendants, and each of them, and/or their agents, from the institution or maintenance of a residential garbage service within the limits of Clayton County, Georgia, and that the court restrain and enjoin Action Sanitation Service, Inc., from use of knowledge or services of the said Thomas David Trammell and his work in completing the organization employees, equipment and route layouts for the maintenance or institution of a residential garbage service in Clayton County, Georgia, until further order of this court, and

"(b) That the court set a hearing on a day certain on this petition, the same to be within a reasonable time, for the parties hereto to present their arguments to make this restraining order and injunction permanent, and

"(c) That process issue in terms of law and that such defendants be required to answer petitioner's complaint as required by law, and

"(d) That plaintiff have such other and further relief as to the court may seem proper, the premises considered."