26590.  FENDER v. FENDER et al.

HAWES, Justice. This was an equitable action brought by Mrs. Mollie Fender by and through her next friends, W. E. Fender and W. A. Fender, against Sara B. Fender, individually and as administratrix of James I. Fender, seeking to set aside a deed executed by the said Mrs.

Mollie Fender conveying to the said James I. Fender a tract of land containing five acres, more or less, on the ground that in the execution of the deed there existed great inadequacy of consideration therefor, coupled with great disparity of mental ability between the grantor and the grantee. After suit was filed, the plaintiff died and her administrator was substituted as party plaintiff. The case was previously before this court upon consideration of an appeal from the order of the trial court sustaining the motion of the defendant to dismiss the complaint. See *Fender v. Fender*, 226 Ga. 129 (173 SE2d 211), where the judgment dismissing the whole case was reversed. Upon the trial of the case, the verdict was for the defendants and the plaintiff appealed to this court enumerating as error two excerpts from the charge set forth in the statement of facts, the grounds of exception being that the excerpts excluded from the consideration of the jury the contention of the plaintiff that the deed was executed upon a great inadequacy of consideration, joined with a great disparity of mental ability in contracting the bargain. *Held:*

It is obvious from a reading of the excerpts that the court in charging as here complained of conditioned the application of these rules upon a finding by the jury that the deed involved was a deed of gift. The exception is not that there was no evidence that the deed was a deed of gift but that the charge did not, standing alone, permit the jury to find for the plaintiff if they found under the principles embodied in *Code* § 37-710 that there existed great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain. The court did, elsewhere in its charge, instruct the jury with respect to the principles embodied in this Code section, the principles of which are obviously applicable only to cases of deeds of bargain and sale and are not applicable to deeds of gift. Since the applicability of the excerpts from the charge complained of was clearly conditioned upon a finding that the deed was not a deed of bargain

and sale but was a deed of gift, the charge was not error for any reason urged by the appellant. If the jury found the deed in question to have been a deed of gift and further found that the grantor, at the time she executed it, possessed the requisite mentality to have a rational intention to make a deed of gift, as set forth in the charge complained of, a verdict in favor of the defendant was, indeed, demanded, and the court did not err in so charging.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 12, 1971—DECIDED SEPTEMBER 27, 1971—REHEARING DENIED OCTOBER 21, 1971.

*Edward Parrish,* for appellant.
*Virgil D. Griffis,* for appellees.