*William A. Wehunt,* for appellee.

36149. GOODMAN et al. v. CITY OF ATLANTA.

NICHOLS, Justice.

The City of Atlanta by ordinance changed the name of Forrest Avenue and Forrest Road to Ralph McGill Boulevard. Goodman, et al., owners of businesses fronting this city thoroughfare, sought an order enjoining the city from changing street signs, from changing city records, and from notifying the postal service of the name change pending resolution of the issue of whether the name change was lawful. They appeal the denial of their motion for interlocutory injunction.

1. The business owners contend that the city charter contains no provisions authorizing the naming and renaming of streets. The city admits that the charter does not expressly give the city this power but contends that the power is to be implied from the city's express power "in the interest of health and general welfare, to accept by gift, acquire, construct, lease, own, regulate, operate, improve, open, close or extend public streets. . . ." Code Ann. § 69-312. No Georgia decision relating to the implied power of municipalities to name or rename streets has been found. However, it is clear that municipalities lawfully may exercise powers necessarily implied from powers expressly granted. *Pharr Road Inv. Co. v. City of Atlanta,* 224 Ga. 752 (1) (164 SE2d 803) (1968); *Kirkland v. Johnson,* 209 Ga. 824 (3) (76 SE2d 396) (1953). The power to name and rename streets is to be implied from the power to open and close streets.

2. The power of the city to name or rename streets is not without limitation. Any exercise of the power must be "in the interest of [the public] health and general welfare." Code Ann. § 69-312. The city concedes that the power is not boundless by contending that "In the absence of a showing of arbitrariness or capriciousness, this desire by the governing authority to honor Ralph McGill is not properly the subject of judicial review." The trial court in deciding that the city had the inherent power to name (rename) streets held that the exercise of this legislative power "will not be disturbed [by the court] in the absence of malicious intent to injure another."

No Georgia decision defining the limits of the power of municipalities to name or rename streets has been located. However, regarding the closely analogous power of municipalities to open and close streets, this court has held: "This power is broad

enough to authorize them to exercise poor judgment so long as it is their judgment and is not capricious and arbitrary. . . . It is not permissible for courts to substitute [their] judgment . . . in such matters." *DuPre v. City of Marietta,* 213 Ga. 403, 405 (1) (99 SE2d 156) (1957). The authorities seem to be generally in accord that an occupant of a city lot does not have any right in the name of an abutting municipal street as will preclude the city governing authority from renaming the public thoroughfare; rather, the only justiciable issue is whether the legislative action (naming or renaming the street) was taken for the public health or welfare or was, instead, accomplished arbitrarily, capriciously, maliciously, or with intent to cause injury to an abutting property owner or the general public. 39 AmJur2d 420, Highways, Streets, and Bridges, § 24; 57 ALR 461, 98 ALR 1213.

In determining whether or not an exception to the general rule exists in a given case, all facts and circumstances relating to the renaming of the street must be given careful consideration. A line must be sharply drawn between those cases in which the offended citizen's recourse is the municipal ballot box and those cases which present actionable wrongs. If the governing authorities of a hypothetical municipality were to change the name of "Main Street" to "Adolph Hitler Boulevard," one would assume that serious legal issues, as well as eyebrows, would be raised. See, Augustus v. School Board of Escambia County, Florida, 507 F2d 152 (5th Cir. 1975); Smith v. St. Tammany Parish School Board, 448 F2d 414 (5th Cir. 1971); and Banks v. Muncie Community Schools, 433 F2d 292 (7th Cir. 1970). Persons complaining of such a name change would enter the courtroom with an inference of impropriety aiding their burden of proving the existence of an exception to the general rule. On the other hand, were the city fathers of that hypothetical municipality to change the name of "Smith Street" to "Jones Street" (an action that probably would displease the Smith family as much as it would please the Joneses) any person complaining of the name change would come to court unaided by any inference of improper municipal action. The present case (in which the name of a famous journalist is being substituted for that of a famous Civil War general) is one in which the plaintiffs quite properly should be put to their proof unaided by any inference of impropriety.

3. The trial court denied the motion for interlocutory injunction but did not enter final judgment dismissing the complaint. Contrast *Kirk v. Hasty,* 239 Ga. 362, 365 (6) (236 SE2d 667) (1977), and *Phillips v. Gladney,* 234 Ga. 399, 402 (3) (216 SE2d 297) (1975), with *Miller v. Wells,* 235 Ga. 411, 417 (219 SE2d 751) (1975). The city contends that this court should treat the case as if

the trial court had granted a motion to dismiss because there is no state of facts that the business owners could prove which would entitle them to the permanent relief they seek. A motion to dismiss would not have been properly granted by the trial court unless the complaint shows with certainty that the business owners are not entitled to relief under any state of facts that could be proved in support of the claim. *American Nat. Bank &c. Co. v. Davis,* 241 Ga. 333 (245 SE2d 291) (1978).

This court cannot hold that it would be impossible for the business owners to adduce testimony proving that the renaming of this city thoroughfare was accomplished arbitrarily, capriciously, maliciously, or with intent to cause injury to all or some of the business owners or to the general public. Such a ruling in the circumstances of this case would be contrary to the spirit of Section 12 of the Civil Practice Act (Code Ann. § 81A-112) because the complaint, construed (as we must) most favorably to the business owners, does not negate the existence of exceptions to the general rule allowing municipalities wide discretion in the naming or renaming of public thoroughfares. *Fender v. Fender,* 226 Ga. 129 (4) (173 SE2d 211) (1979).

This court does not hold that any exception to the general rule is or is not present in this case. Rather, our holding is that the trial court did not err in denying the interlocutory injunction based on the evidence presented. The permanent injunction likewise should be denied unless the business owners establish by evidence the existence of an exception to the general rule.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 18, 1980 — DECIDED JUNE 25, 1980.

*William F. Lozier,* for appellants.
*Ferrin Y. Mathews, Thomas A. Bowman,* for appellee.