### 38068. RISSER v. CITY OF THOMASVILLE et al.

GREGORY, Justice.

Appellant sought a 1981 beer and wine license from the City of Thomasville Board of Commissioners. After denial of his application, he brought a petition for mandamus against the city and its commissioners. This was denied by the trial court, and he appeals.

It was stipulated and undisputed that the property for which appellant sought this license is located within 100 yards of the First Presbyterian Church, which operates the First Presbyterian Kindergarten on its property.

Code Ann. § 58-724.1 (repealed July 1, 1981, but the effective statute governing this case) states: "It shall be illegal for any person to sell either beer or wine at a place within 100 yards of any school or schoolhouse in this State." Section 5-6 of the Code of the City of Thomasville states: "No beer shall be sold at retail in the city or shall be kept for sale or offered for sale, or be given away, at any business location within one hundred (100) yards of any school or schoolhouse. . . ." Appellant contends that the trial court erred when it ruled that the church kindergarten was a "school" within the meaning of the Georgia statute and the city's ordinance. We affirm.

In order to properly interpret the language of the two enactments at issue, we turn to Code Ann. § 102-102, our rules governing the construction of statutory enactments.

Code Ann. § 102-102 (1) provides: "The ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such trade, or with reference to such subject matter." In the absence of words of limitation, words in a statute should be given "their ordinary and everyday meaning." *Richmond County Bd. of Tax Assessors v. Ga. R. Bank &c. Co.,* 242 Ga. 23, 25 (247 SE2d 761) (1978). This rule applies to the construction of both municipal ordinances and statutes. *Snow v. Johnston,* 197 Ga. 146, 155 (28 SE2d 270) (1943).

In applying this rule, the facts show the First Presbyterian Kindergarten is a "school" within the ordinary and everyday meaning of that word. Webster's Third New International Dictionary defines a school as "An organized source of education or training: as (1) an institution for the teaching of children." It defines

a kindergarten as "A school or division of a school below the first grade usually serving pupils of the 4-6 age group and fostering their natural growth and social development through constructive play with blocks, clay, crayons, and by group games, songs and exercise."

The institution at issue here has been in existence for over thirty years, has five teachers, and has approximately eighty students, ages three, four and five years old. Of the five teachers, three are college graduates who either currently have, or have had a teacher's certificate in Georgia and have taught in the Georgia public schools. Each teacher has a full-time aide. The kindergarten runs for a nine-month session, and school hours are 8:15 a. m.—12:00 noon, five days per week. The kindergarten teaches phonics, reading readiness, reading, adding and subtracting as well as music, swimming and gymnastics. It is financed by a monthly student tuition charge. Its finances are entirely separate from the church budget. The record shows that the focus of this kindergarten is educational. It operates to actively prepare the children for the first grade rather than acting merely as an organization for the supervision, care, and entertainment of the children.

Appellant argues that the courts have not traditionally included kindergartens in their definitions of the word "school," citing several cases involving the construction of other states' compulsory education statutes and also citing Rivkind v. State ex rel. Gibson, 32 S2d 330 (1947). The cases dealing with compulsory education statutes are not applicable here. The cases and statutes cited, including Georgia's compulsory education statute, do not use the word "school" in its ordinary everyday sense. They subject the word "school" to obvious words of limitation, so that the statute only applies to the public and private schools attended by children in a particular age bracket, such as ages seven to sixteen in Georgia. This limited use of the word "school" does not control the definition of "school" when used in other statutory contexts, without the limiting language. Rivkind appears to be the only case which addresses the question whether a kindergarten is a "school" within the meaning of an ordinance and a state statute prohibiting the sale of alcoholic beverages within a prescribed distance of a school. In Rivkind, the Florida court held, without discussion, that a "kindergarten nursery is not a school within the intent of the ordinance and chapter." No facts were given, and the court did not explain what was meant by a "kindergarten nursery."

The facts outlined above show the kindergarten at issue in this case is clearly more than a "nursery;" it is an institution in which the traditional subjects and learning processes associated with the early

grades of the common public schools are taught.[1]

Appellant also argues that no Georgia court decision has ever included a kindergarten within its commonly accepted meaning of the word "school." However, we note this court held in *Duncan v. Entrekin,* 211 Ga. 311, 312 (85 SE2d 771) (1955), that in interpreting zoning ordinances, a kindergarten will be considered a school.[2] We said, "A kindergarten is a school for children of very tender years...." The word "school" is used in both the zoning ordinance considered in *Duncan* and the ordinance/statute at issue here in its ordinary everyday sense, without obvious words of limitation. In both instances the term "school" includes a kindergarten.

Since it is clear that a kindergarten is a "school" within the ordinary and everyday meaning of that word, we must determine whether this kindergarten is the type of school intended to be protected by these enactments. In this regard, Code Ann. § 102-102 (9) provides another useful rule. "In all interpretations, the court shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy...." Proper application of this rule shows that the word "school" in this case should include this kindergarten. The evil and the remedy involved in proximity laws of the sort before us were identified in *Haley v. Bailey,* 199 Ga. 486, 490 (34 SE2d 685) (1945): "Certainly it was that there should be no traffic in liquor within the specified distance, so that teachers and pupils should not be subjected to the evil influences connected with the liquor traffic." Such concerns as protecting school children from the influences associated with liquor traffic particularly apply to a kindergarten school for young impressionable children who are just learning to read, think and imagine for themselves. The First Presbyterian Kindergarten is clearly the type school that these proximity statutes and ordinances are designed to protect.

---

[1] This court notes that in the 35 years since Rivkind was decided, both public attitudes and government involvement in child development and education have changed. Nowhere is this more evident than in Georgia. Whereas state involvement in education has traditionally begun at the elementary school level, one of the accomplishments of Governor George Busbee during his term of office has been obtaining legislation and funding for a voluntary state-supported kindergarten program as part of our state school system. Code Ann. § 32-607a (Acts 1974, pp. 1045, 1049; 1975, pp. 539, 541; 1977, p. 1001, eff. March 24, 1977).

[2] Other state courts have similarly held that for purposes of interpreting zoning regulations and ordinances, a kindergarten or pre-school center will be deemed to be a "school." See, Dewey v. Montessori Educational Center, 185 Neb. 791 (178 NW2d 792) (1970); Livingston v. Davis, 243 Iowa 21 (50 NW2d 592) (1951); People v. Collins, 191 Misc. 553 (83 NYS2d 124) (1948).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1982.

*McCollum & Rawlins, Elliott P. McCollum, Jr.,* for appellant.
*B. B. Earle, Jr., William C. Sanders,* for appellees.