## 39935. SADLER v. NIJEM et al.

HILL, Chief Justice.
Leighton Sadler is a resident and a registered voter of the City of Valdosta. In January of 1983, he presented a petition to city officials which allegedly was signed by 4600 registered voters of Valdosta, which would equal approximately 40% of the voters of the City. The petition read as follows: "The undersigned, registered voters in the last general municipal election of the City of Valdosta, Georgia, petition the City to amend the Valdosta City Charter as provided by Georgia Code Section 36-35-3 (b) (2) (A) (Code Ann. § 69-1017), as follows: Article IV, Organization and Administration, shall be amended to add the following provision to section 4.2:[1] 'Except,

---

[1] Section 4.2 of the City charter presently provides as follows: "The Mayor and Council may by ordinance organize, combine, consolidate, or discontinue such departments, agencies, or divisions of the City government as it may from time to time deem desirable."

however, that the City of Valdosta shall continue to provide and maintain professional firefighting and prevention services, through the City's Municipal Fire Department, which shall be composed of full-time paid personnel who are and shall be employees of the City of Valdosta.' "

Within the time provided by law [OCGA § 36-35-3 (b) (2) (B) (Code Ann. § 69-1017)], the City responded by publishing a notice in the local newspaper stating that the proposed charter amendment was not valid because it would conflict with the general laws and the Constitution of Georgia. Sadler then filed this writ of mandamus, seeking to require the defendants, the mayor and council members of Valdosta, to call a referendum on the proposed amendment. The trial court upheld the City's determination, ruling that although the proposed amendment would not be in conflict with the Georgia Constitution, it would violate OCGA § 36-34-2 (2) (Code Ann. § 69-310). Sadler then filed this appeal.

Consideration of the issues before us may be simplified by a brief review of pertinent developments in municipal home rule in this state. Prior to 1954, municipal home rule was virtually nonexistent. See *Phillips v. City of Atlanta,* 210 Ga. 72 (77 SE2d 723) (1953).

In 1954, a constitutional amendment was adopted authorizing the General Assembly to delegate its powers to municipalities, by statutes of general application. Ga. L. 1953 (Nov.-Dec. Session), p. 504; Art. IX, Sec. III, Par. I, Const. 1976 (Code Ann. § 2-6001).

In 1962, apparently relying on the 1954 constitutional amendment, the General Assembly enacted a limited home rule act, Ga. L. 1962, p. 140, now OCGA § 36-34-1 et seq. (Code Ann. §§ 69-309—69-312, 69-314—316), which granted certain enumerated powers to municipalities, in addition to or cumulative of their charter powers, including "(1) The power to establish municipal offices, agencies, and employments; (2) The power to define, regulate, and alter the powers, duties, qualifications, compensation, and tenure of all municipal officers, agents, and employees. . . ." OCGA § 36-34-2 (Code Ann. § 69-310).

In 1965, the General Assembly enacted the Municipal Home Rule Act of 1965, Ga. L. 1965, p. 298, now OCGA § 36-35-1 et seq. (Code Ann. §§ 69-1015—69-1022), which authorized municipalities to amend their charters by action of the municipal governing authority or by petition and referendum, provided such amendments shall be invalid if provision has been made therefor by general law. OCGA § 36-35-3 (Code Ann. § 69-1017); see also OCGA § 36-35-6 (Code Ann. § 69-1018). In the Code of 1982, the General Assembly provided that in the event of a conflict between OCGA Ch. 36-35 (Code Ann. §§ 69-1015—69-1022) (the 1965 act) and OCGA Ch. 36-34

(the 1962 act) (Code Ann. §§ 69-309—69-312, 69-314—316), then OCGA Ch. 36-35 (Code Ann. §§ 69-1015—69-1022) (the 1965 act) shall control. OCGA § 36-35-8 (Code Ann. § 69-1022).

In 1972, a constitutional amendment, Ga. L. 1972, p. 1552, known as Amendment 19 (Art. IX, Sec. IV, Par. II, Const. 1976 (Code Ann. § 2-6102); Art. IX, Sec. II, Par. III, Const. 1983 (Code Ann. § 2-4903)), provided that any county or municipality (or combination thereof) "may" exercise certain enumerated powers and provide enumerated services, including "Police and fire protection."

1. The City argues that the proposed charter amendment would violate Amendment 19 (Art. IX, Sec. II, Par. III, Const. 1983 (Code Ann. § 2-4903)) in that Amendment 19 provides that a municipality "may" provide fire protection (i.e., a municipality has the discretion to provide, or not provide, fire protection as well as the manner by which it shall be provided) and the proposed charter amendment would require provision of fire protection and would require that such fire protection be provided by a city fire department, with full time, paid personnel, employed by the City. Compare *Smith v. Board of Commrs.*, 244 Ga. 133 (259 SE2d 74) (1979).

Amendment 19 was a grant of authority from the General Assembly to municipalities (and counties) and the proposed charter amendment merely accepts such grant of authority. The use of the word "may" means that the powers and services are permissible rather than mandatory. Amendment 19 does not prevent municipal governing authorities from agreeing to provide fire protection nor does it prevent municipal voters from so agreeing by petition and referendum. The proposed charter amendment does not violate this provision of the constitution, just as a charter provision enacted prior to 1972 requiring a given city to maintain a city fire department, or maintain streets (another power granted by Amendment 19), would not be rendered discretionary by Amendment 19. Thus we affirm the trial court's ruling that the proposed amendment does not violate this provision of the constitution.

2. We likewise find no merit in the City's contention that the proposed charter amendment would contravene OCGA § 36-30-3 (Code Ann. § 69-202). That statute by its own terms simply is not applicable here. It provides: "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government." What is at issue here, however, is not a proposed ordinance but a proposed charter amendment. See *Brown v. City of East Point*, 246 Ga. 144, 146 (268 SE2d 912) (1980). City councils are, of course, bound by city charters, and amendments thereto.

3. The City's final contention, and the one with which the trial

court agreed, is that the proposed charter amendment runs afoul of a general law, OCGA § 36-34-2 (Code Ann. § 69-310), and thus violates Art. I, Sec. II, Par. VII, Const. 1976 (Code Ann. § 2-207) (Art. III, Sec. VI, Par. IV (a), Const. 1983 (Code Ann. § 2-1104)).

OCGA § 36-34-2 (Code Ann. § 69-310), supra, was part of the 1962 home rule act. The City argues that the 1962 law, OCGA § 36-34-2 (Code Ann. § 69-310), gives to "the governing body of any municipal corporation" certain powers, including "(1) the power to establish municipal offices, agencies, and employments; [and] (2) the power to define, regulate, and alter the powers, duties, qualifications, compensation, and tenure of all municipal officers, agents, and employees. . . ." The City contends that a charter provision requiring it to maintain a municipal fire department would contravene this section by taking these powers away from the "governing body," here the mayor and council.

This argument overlooks the history and purpose of the act of 1962. That act was intended to allow municipalities to exercise certain power themselves, OCGA § 36-34-1(3) (Code Ann. § 69-309), not to define the means by which the cities would and could manage their affairs. The 1962 grant of authority by the General Assembly to municipalities does not prohibit municipal governing authorities from choosing how such powers shall be exercised, nor does it prohibit the citizens of a municipality from choosing, by charter amendment based upon petition and referendum, how such powers shall be exercised. In short, the 1962 act was intended to delegate power, not regulate its exercise.

The case of *Local 574 Intl. Assn. of Firefighters v. Floyd,* 225 Ga. 625 (170 SE2d 394) (1969), finding a special law applicable to Chatham County and cities therein to be contrary to the 1962 act, now OCGA § 36-34-2 (Code Ann. § 69-310), supra, is inapplicable here for two reasons. First, that special law provided for collective bargaining by municipal employees and hence the conflict with the 1962 act was readily apparent. Second, that special law was not an amendment to a municipal charter. In the case before us, the proposed charter amendment is to be accepted or rejected by the municipal voters. If the voters want the City to maintain a fire department composed of full time employees of the City, they should have that right, just as the governing authority heretofore has exercised the right to maintain a fire department. The rights of the "governing body" to choose how the powers of the City shall be exercised should not exceed the rights of the voters to so choose. OCGA § 36-34-2 (Code Ann. § 69-310) does not proscribe the proposed charter amendment.

In conclusion, we agree with the petitioner Sadler that the

proposed charter amendment would not be invalid for any reason asserted by the City, and the petition for writ of mandamus should have been granted.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Amy M. Totenberg, Fletcher Farrington,* for appellant.
*George T. Talley,* for appellees.
*Walter Edwin Sumner,* amicus curiae.