S97A1068. CITY OF ATLANTA v. MORGAN.
(492 SE2d 193)

HUNSTEIN, Justice.

This is an appeal from an order of the Fulton County Superior Court declaring the City of Atlanta's 1996 Domestic Partnership Benefits Ordinance unconstitutional under the Georgia Constitution, Art. III, Sec. VI, Par. IV (a) and (c),[1] and the Municipal Home Rule Act of 1965, OCGA § 36-35-1 et seq., as a special law enacted in an area for which provision has been made by an existing general law. Because we find that the benefits ordinance is consistent with State law, we reverse.

On September 3, 1996 the Atlanta City Council passed Ordinance 96-O-1018[2] which provides certain insurance benefits for dependents of City of Atlanta employees who qualify and are registered as domestic partners under § 94-131 et seq. of the Atlanta City

---

[1] Article III, Section VI, Paragraph IV (a) and (c) of the Georgia Constitution provides that "no local or special law shall be enacted in any case for which provision has been made by an existing general law" and that "[n]o special law relating to the rights or status of private persons shall be enacted."

[2] Ordinance 96-O-1018 was approved by the mayor on September 5, 1996 and codified as § 2-858 of the Code of Ordinances of the City of Atlanta.

Code, the City's domestic partner registry ordinance. This benefits ordinance was enacted in response to our opinion in *City of Atlanta v. McKinney*, 265 Ga. 161 (2) (454 SE2d 517) (1995), in which we upheld the constitutionality of the registry in § 94-131 but held unconstitutional the City's original benefit's ordinance (Ordinance 93-O-1057) because in it the City had recognized domestic partnerships as "a family relationship" and provided employee benefits to domestic partners "in a comparable manner . . . as for a spouse," thereby expanding the definition of "dependent" in a manner inconsistent with State law and in violation of both the Georgia Constitution and OCGA § 36-35-6 (b). *McKinney*, supra at (1) and (2). The issue in *McKinney*, as in this appeal, was whether the City acted within its authority to provide benefits to its employees and their dependents by defining "dependent" consistent with State law. Id. at (2).

OCGA § 36-35-4 (a) authorizes a municipality to provide insurance benefits to its employees and their dependents.[3] Although this section of the Municipal Home Rule Act grants specific authority to provide such benefits to the dependents of a municipal employee, it does not provide a definition of the term "dependent." In order to determine whether the definition provided in the City's benefits ordinance is consistent with State law, we must, therefore, look to the ordinary meaning of the term as well as the way in which it is defined in other statutes. See generally OCGA § 1-3-1 (b); *Fisch v. Randall Mill Corp.*, 262 Ga. 861 (1) (426 SE2d 883) (1993); *Risser v. City of Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982); see also *McKinney*, supra at 164 (2).

The City's benefits ordinance defines a "dependent" as "one who relies on another for financial support" and provides that an employee's domestic partner shall be dependent if:

(i) The employee makes contributions to the domestic partner of cash and supplies, and the domestic partner relies upon and uses those contributions to support himself/herself in order to maintain his or her standard of living. The contributions may be at irregular intervals and of irregular amounts, but must have existed for at least six months, and must be continuing.

(ii) The employee is obligated, based upon his/her commit-

---

[3] OCGA § 36-35-4 (a) grants municipalities the authority to

fix the salary, compensation, and expenses of its municipal employees . . . and to provide insurance, retirement, and pension benefits, coverage under federal old-age, survivors and disability programs, hospitalization benefits, and workers' compensation benefits for its employees, their dependents, and their survivors.

ment set forth in the Declaration of Domestic Partnership, to continue the financial support of the domestic partner for so long as the domestic partnership shall be in effect.

(iii) The domestic partner is supported, in whole or in part, by the employee's earnings, and has been for at least the last six months.

Ordinance 96-O-1018 (a) (1) (B).

Based on our review of other definitions of "dependent" in Georgia case law, we conclude that the ordinance's definition of "dependent" is consistent with both the common, ordinary meaning of the term "dependent" and the definition attributed to that term as it is used in the Georgia statutes. In *Smith v. Smith*, 254 Ga. 450, 451 (330 SE2d 706) (1985), this Court looked to Funk & Wagnalls Standard Dictionary to define "dependent" for purposes of the Georgia Long-Arm Statute, OCGA § 9-10-91 (5). Funk & Wagnalls defines "dependent" as "[r]elying on someone or something for support." See also Webster's Third New International Dictionary, p. 604 (1967) ("dependent" is "one relying on another for support"); The American Heritage Dictionary of the English Language, 3d ed., p. 501 (1992) ("dependent" is "[o]ne who relies on another especially for financial support"). The same definition was recognized by this Court in *McKinney* as one definition of the term "dependent" found in Georgia statutes specifically providing a definition of that term. See *McKinney*, supra at 164 (2) (identifying State statutes which define the term "dependent" as "a spouse, child, or one who relies on another for financial support"). This definition is also consistent with cases in the Court of Appeals and opinions of the Attorney General of Georgia, which have determined that " 'a "dependent" is one who looks to another for support, one dependent on another for the ordinary necessities of life.' " *Glens Falls Indem. Co. v. Jordan*, 56 Ga. App. 449, 452-453 (1) (193 SE 96) (1937). Accord *Ins. Co. of North America v. Cooley*, 118 Ga. App. 46, 48 (162 SE2d 821) (1968); Op. Atty. Gen. 94-14 (1994). Moreover, the City followed our holding in *McKinney* and carefully avoided the constitutional flaw in its previous benefits ordinance by eliminating from Ordinance 96-O-1018's definition of "dependent" any language recognizing any new family relationship similar to marriage.

Contrary to Morgan's argument, the requirement that "dependents" must also be registered with the City as domestic partners under § 94-131 et seq., the registry ordinance, does not unconstitutionally expand the definition of "dependent" as provided in Ordinance 96-O-1018. As we noted earlier, the registry ordinance is a separate municipal ordinance which has been held to be constitutional. *McKinney*, supra at (1). Looking at Ordinance 96-O-1018, the only

ordinance the constitutionality of which is in issue in this case, the City is authorized to provide benefits to those dependents who are financially reliant upon a City employee. OCGA § 36-35-4. That the City chose to further narrow the group of individuals to whom it would offer certain insurance benefits by placing additional qualifications upon the receipt of such benefits does not alter and clearly does not expand the State law definition of "dependent." The City acted within its authority when it chose to provide insurance benefits to the dependents of a City employee. OCGA § 36-35-4 (a). It is within the City's discretion as a governing authority to determine whether to provide such benefits to all, some, or none of its employees' dependents. See *Athens-Clarke County v. Walton Electric Membership Corp.*, 265 Ga. 229, 231 (2) (454 SE2d 510) (1995) (municipality authorized by statute to grant franchise may "condition the grant of the franchise upon requirements the municipality deems wise"); *Goodman v. City of Atlanta*, 246 Ga. 79, 80 (2) (268 SE2d 663) (1980) and *DuPre v. City of Marietta*, 213 Ga. 403, 405 (99 SE2d 156) (1957) (power granted to municipalities "is broad enough to authorize them to exercise poor judgment so long as it is their judgment and it is not capricious and arbitrary. . . . It is not permissible for courts to substitute [their] judgment for that of the mayor and council in such matters"); *Local 574, Intl. Assn. of Firefighters v. Floyd*, 225 Ga. 625, 628 (170 SE2d 394) (1969) (powers granted municipalities "may be executed by the City in any manner it chooses, in the exercise of its nondelegable discretion").

The dissent's objection to the benefits ordinance is based entirely on objections to the language of the registry ordinance which, according to controlling precedent, is constitutional. *McKinney*, supra at (1). Indeed the dissent repeats the same arguments rejected by this Court in *McKinney*. Id. at 167-170, Carley, J., dissenting. The benefits ordinance, the only ordinance at issue on this appeal, provides insurance benefits to dependents of City employees and consistent with State law defines the term "dependent" as one "who is supported, in whole or in part, by the employee's earnings" and who uses such contributions to maintain his or her standard of living. Ordinance 96-O-1018 (a) (1) (B) (i) and (iii). The City's decision to further limit the group of individuals to whom insurance benefits are offered by reference to § 94-131 et seq. can in no way be considered part of the definition of "dependent" as provided in Ordinance 96-O-1018 or to define a new family relationship contrary to State law.

As we recognized in *McKinney*:

[S]tate law grants cities power related to the administration of municipal government. See OCGA § 36-34-2. This grant of authority does "not define the means by which the cities

would and could manage their affairs" or "prohibit munici-
pal governing authorities from choosing how such powers
shall be exercised. [Cit.]"

*McKinney*, supra at 165 (3); see *Sadler v. Nijem*, 251 Ga. 375, 378
(306 SE2d 257) (1983). Having determined that the ordinance
defines "dependent" consistent with State law and, therefore, having
concluded it is not in violation of either the Georgia Constitution or
the Municipal Home Rule Act, we will not interfere with the exercise
of discretion by the City to offer insurance benefits to fewer than all
of its employees' dependents.

*Judgment reversed. All the Justices concur, except Carley and
Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

In my opinion, the City's Domestic Partnership Benefits Ordi-
nance is unconstitutional because it is in direct conflict with state
law, and the trial court correctly so held. Accordingly, I respectfully
dissent to the majority's reversal of the judgment of the trial court.

The City is authorized to provide insurance benefits to its
employees' dependents. OCGA § 36-35-4 (a). The City has no author-
ity, however, to define "dependents" in a manner which is inconsis-
tent with state law. *City of Atlanta v. McKinney*, 265 Ga. 161, 164 (2)
(454 SE2d 517) (1995). " '[I]t may be said in general terms that a
"dependent" is one who looks to another for support, one dependent
on another for the ordinary necessities of life. . . .' " *Glens Falls
Indem. Co. v. Jordan*, 56 Ga. App. 449, 452-453 (1) (193 SE 96)
(1937). The City's ordinance does not comport with this definition,
but defines a "dependent" as one who relies upon its employees "in
order to maintain his or her standard of living" and who complies
with the City's domestic partnership registry ordinance. Thus, the
City's ordinance does not purport to provide insurance coverage only
for those who must rely upon its employees for their "support" or "the
ordinary necessities of life," but to furnish such coverage for those
who have entered voluntarily into a "domestic partnership" with its
employees and who have agreed to a combination of resources for
their mutual support.

In Georgia, a municipality "may not enact ordinances defining
family relationships. The Georgia General Assembly has provided for
the establishment of family relationships by general law. [Cits.]" *City
of Atlanta v. McKinney*, supra at 164 (2). The City's "domestic part-
nership" ordinance defines in detail a new relationship which is very
similar to marriage. See OCGA §§ 19-3-1; 19-3-2. In *City of Atlanta v.
McKinney*, supra at 163 (1), this Court upheld the constitutionality
of the City's registry ordinance because "we construe[d] [it] as creating

*only* a registration system and *not* any legal rights." (Emphasis supplied.) In a clear departure from this prior holding, the majority today views the ordinance as creating much more than a mere registration system. Contrary to the letter, spirit and intent of *City of Atlanta v. McKinney*, supra, the majority now construes the ordinance as creating a legal right to insurance coverage as a "dependent" under OCGA § 36-35-4 (a). However, the Georgia Constitution clearly precludes the City from doing so. With regard to the creation of legal rights arising from domestic relations, the general state law of marriage and divorce preempts the municipal domestic partnership benefits ordinance. Georgia Const. of 1983, Art. III, Sec. VI, Par. IV (a); OCGA § 36-35-6 (a); *City of Atlanta v. McKinney*, supra at 164 (2). The Municipal Home Rule Act, OCGA § 36-35-1 et seq., "indicates that the state does ' "not wish to give our cities the power to enact a distinctive law of contract." ' [Cit.]" *City of Atlanta v. McKinney*, supra at 164 (2). "[C]ities in this state may not enact ordinances defining family relationships." *City of Atlanta v. McKinney*, supra at 164 (2). Thus, the City has no authority, through its ordinance, to create a contract, comparable to that of marriage, and to confer upon the parties to that contract the same rights and responsibilities, such as the right to mutual support, as are enjoyed by those who enter into a marriage sanctioned by the state.

The City's ordinance disclaims the creation of marital relationship and the intent to alter or affect Georgia laws regulating private or civil relationships. However, phraseology cannot save a municipal ordinance which is unconstitutional. The "special laws" provision of the Georgia Constitution, which prohibits a municipality from enacting an ordinance defining a family relationship, "would be nullified if by *play upon words and definitions* the courts should hold valid a special law when there existed at the same time of its enactment a general law covering the same subject-matter." (Emphasis supplied.) *City of Atlanta v. Hudgins*, 193 Ga. 618, 623 (1) (19 SE2d 508) (1942). Here, by utilizing the same type of semantic maneuver rejected in *Hudgins*, the City seeks to create a legal right to insurance coverage for those who enter into a domestic partnership with its employees. In *City of Atlanta v. McKinney*, supra at 163 (1), we clearly held that the creation of such a legal right would be unconstitutional and I dissent to the majority's failure to adhere to that controlling precedent, which mandates the affirmance of the trial court's holding that the City's Domestic Partners Benefits Ordinance is unconstitutional.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED NOVEMBER 3, 1997.

*Clifford E. Hardwick, Kendric E. Smith, Robin J. Shahar,* for appellant.

*Robert J. Proctor, David J. Reed,* for appellee.

*Harry H. Harkins, Jr., J. Patrick McCrary, Mary Ann B. Oakley,* amici curiae.