

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 2, 2000

The Honorable Allen Wright
Callahan County Attorney
100 West 4th Street, Suite 202
Baird, Texas 79504

Opinion No. JC-0301

Re: Whether a commissioners court may change the name of a county road (RQ-0237-JC)

Dear Mr. Wright:

You ask whether a county commissioners court has authority to change the name of a county road once a name has already been established. A commissioners court has authority under section 251.013 of the Transportation Code to name and rename public roads located wholly or partly in unincorporated areas of the county.

You inform us that the Commissioners Court of Callahan County received a petition requesting the Court to change the name of Hays Road to Dugan Road and has deferred final action on this matter to seek legal advice.[1] You have searched the Commissioners Court's minutes without locating any reference to the Court having adopted the name Hays Road for this road and have otherwise been unable to determine how the road acquired this name, except possibly by common usage. Request Letter, note 1, at 2. The road is shown on county 9-1-1 maps as Hays Road, the post office has recorded mailing addresses on Hays Road, and the Texas Department of Transportation has posted exit signs on the interstate referring to Hays Road. *Id.* You ask whether the commissioners court of a county has authority to change the name of a county or public road once a name has already been adopted or established by common usage.

Section 251.013 of the Texas Transportation Code expressly addresses the naming of county roads. This statute provides as follows:

> (a) The commissioners court of a county by order may adopt uniform standards for naming public roads located wholly or partly in unincorporated areas of the county and for assigning address numbers to property located in unincorporated areas of the county. The standards apply to any new public road that is established.

---

[1]Letter from Honorable Allen Wright, Callahan County Attorney, to Honorable John Cornyn, Texas Attorney General (June 1, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

(b) The commissioners court of a county by order may adopt a name for a public road located wholly or partly in an unincorporated area of the county and may assign address numbers to property located in an unincorporated area of the county for which there is no established address system.

(c) If an order adopted under this section conflicts with a municipal ordinance, the municipal ordinance prevails in the territory in which it is effective.

(d) A commissioners court may adopt an order under this section only after conducting a public hearing on the proposed order. The court shall give public notice of the hearing at least two weeks before the date of the hearing.

TEX. TRANSP. CODE ANN. § 251.013 (Vernon 1999).

Section 251.013(a) of the Transportation Code authorizes a commissioners court to adopt uniform standards for naming public roads located in unincorporated areas of the county and requires it to apply these standards to new public roads. Section 251.013(b), a separate grant of authority that is not made contingent on adopting uniform standards under section 251.013(a), authorizes a commissioners court to name a county road. Thus, a county may name a public road either by adopting uniform standards under subsection 251.013(a) and applying them to the individual road or by exercising its power under subsection 251.013(b) to name county roads as the occasion arises. The authority of a political subdivision to name a public road has been construed to include the authority to change its name. *See generally Goodman v. City of Atlanta*, 268 S.E.2d 663, 665 (Ga. 1980); *Brown v. City of Topeka*, 74 P.2d 142 (Kan. 1937); *Belden v. City of Niagara Falls*, 245 N.Y.S. 510, 512-13 (N.Y. App. Div. 1930). The Callahan County Commissioners Court may act under subsection 251.013(a) by adopting uniform standards for naming county roads and applying them to the Hays Road, or it may act under subsection 251.013(b) to rename the Hays Road. TEX. TRANSP. CODE ANN. § 251.013(a), (b) (Vernon 1999).

In either case, the commissioners court may act only by adopting an order and only after conducting a public hearing on the proposed order as required by subsection 251.013(d) of the Transportation Code. *Cf. City of Austin v. Findlay*, 538 S.W.2d 9 (Tex. Civ. App.–Austin 1976, no writ) (under facts of case, change of street name was legislative action required to be effected by ordinance, not motion of city council). The action of the commissioners court in naming a county road is subject to judicial review for abuse of discretion. *See generally Goodman*, 268 S.E.2d at 665.

## S U M M A R Y

The authority of a commissioners court to name public roads under section 251.013 of the Transportation Code includes the authority to rename a public road. Callahan County may exercise its authority under subsection 251.013(b) of the Transportation Code to rename a county road by order, after conducting a public hearing, without adopting uniform standards for naming county roads under subsection 251.013(a). The action of renaming a county road is subject to judicial review for abuse of discretion.

Your very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee