O.E. PRICE, Judge pro tem.
Albert F. Cole, proprietor of P & A Lil Brown Bag # 2, appeals a decision of the district court upholding a decision of the Board of Aldermen of the City of Ruston which denied issuance of a beer permit to Cole for the Lil Brown Bag # 2 premises. For the reasons cited herein, we affirm.
FACTS
There is no factual dispute. Appellant is the operator of a convenience store and filling station on the east side of Cooktown Road just north of 1-20 in Ruston. He applied for a beer permit for this location.
Intervenor, Wildflower Montessori School of Ruston, Inc., operates on leased premises adjacent to the convenience store and within the 300 foot area described in the first sentence of Section 5-24 of the Code of Ordinances of the City of Ruston:
No permit shall be granted for any premises situated within three hundred (300) feet or less of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school.
Cole’s attorney presented his case to the Board that the Montessori School was a kindergarten, not a school, within the meaning of the ordinance. Action was deferred pending an opinion of the City Attorney on the issue. At the next meeting of the Board, the City Attorney reported his opinion, adverse to Cole’s position and the Board voted to deny the permit. Cole appealed to the district court, which affirmed the Board’s decision. Cole then appealed the district court’s decision to this Court.
DISCUSSION
The sole issue on appeal is whether the Montessori School is a “school” within the meaning of Section 5-24 of the Ordinances of the City of Ruston. Section 5-24 is based upon LSA-R.S. 26:81, which allows municipal or parish authorities to regulate the permits through zoning ordinances.
Appellant contends that the original local option law, LSA-R.S. 26:80 [1] (La.Acts 1948, No. 360) which contains the word “school” must be interpreted with reference to La. Const, of 1921, which provides for maintenance of schools for children between the ages of six (6) and sixteen (16). Citing an April 20, 1949 Opinion of the Attorney General, appellant contends that a school is properly distinguished from a kindergarten and further that the adoption of La. Constitution of 1974 did not change the law.
We disagree with appellant’s contention. The Attorney General’s opinion carefully draws a distinction between a kindergarten and a kindergarten operated “solely as a nursery.”
Initially, we note a conflict between the text of the 1921 Constitution and the Attorney General’s opinion. La.Acts 1944, No. 320 proposed an amendment to LSA-Const. (1921) Article 12, Section 1 to read, in part:
“Section 1. The educational system of the State shall consist of all public schools, and all institutions of learning, supported in whole or in part by appropriation of public funds. Separate public schools shall be maintained for the education of white and colored children between the ages of six and eighteen years;”
The amendment was approved by the voters on November 7, 1944. No constitutional amendment was passed between the adoption of this language and the enactment of the local option statute by Act 360 of 1948. The “six and sixteen” language referred to by the Attorney General is apparently incorrect with reference to the Constitutional provisions. See and compare LSA-Const. (1864) Article 141 (“ages six and eighteen”); LSA-Const. (1868) Article 135 (“ages six and twenty-one”); LSA-Const. (1879) Article 224 (“six and eighteen”); LSA-Const. (1898) Article 248 (“six *643 and eighteen”); LSA-Const. (1913) Article 248 (“six and eighteen”); LSA-Const. (1921) Article 12, Section 1, in the original form and as amended by La.Act 141 of 1932, approved November 8, 1932 (“six and eighteen”). The language is apparently a reference to the Compulsory School Attendance Law, added by La. Acts 1944, No. 239, which provides for compulsory school attendance through the sixteenth birthday (now LSA-R.S. 17:221).
Under the La. Const, of 1921 as amended and in effect at the time of enactment of the original local option statute, it appears that the term “school” was not understood by the Legislature to be narrowly defined as encompassing only institutions for the instruction of children between the ages of six (6) and eighteen (18). Rather, the text describes various classes of school, one class dealing with children between six (6) and eighteen (18) for whom LSA-Const. (1921) Article 12, Section 1 mandated free public education. This class is referred to as “public schools.” Other types of schools are also described. These include kindergartens and institutions of higher learning. Indeed, an Opinion of the Attorney General, dated May 10, 1947 indicates that this is the correct view:
The public school system of the State of Louisiana as created by the Constitution of the State consists only of free public schools.
Thus, LSA-Const. (1921) Article 12, Section 1, as amended through November 7, 1944 and in effect on the effective date of the local option statute did not narrowly define school to mean only public schools maintained for the education of six and eighteen but encompassed all types of school.
The evidence in the record before us is that the Montessori school operates as a school, not solely as a nursery. The students, of ages varying between 4 to 7 (inclusive) are taught by a state-certified Montessori teacher according to a detailed, state-certified plan of instruction drawn in accordance with the Montessori method.
Moreover, we find that subsequent constitutional and statutory changes are in accord with this view.
The Louisiana Constitution of 1974, Article VIII, Section 1, states:
The legislature shall provide for the education of the people of the state and shall establish and maintain a public educational system.
It is readily apparent that the legislature has the authority to establish a public educational system and to provide for the education of the people. This authority is not confined merely to “public schools.” The legislature has exercised its authority on many occasions. Most pertinent to this ease are LSA-R.S. 17:151-153. These statutes mandate kindergarten instruction as a prerequisite to entering first grade. Such schools must now be maintained as part of the public educational system. Also pertinent is LSA-R.S. 17:3401 which provides for state certification of Montessori schools and teachers and which specifically exempts these schools from classification as day care centers or child care institutions, a distinction which underlies the reasoning of the 1949 Attorney General’s opinion.
The letter and spirit of the Constitution, statutes and ordinance are clear and lead to no absurd result. We hold that Wildf lower Montessori School is a school within the meaning of the City of Ruston ordinance. We affirm the judgment of the district court at appellant’s cost.
AFFIRMED.

. LSA-R.S. 26:80 was redesignated LSA-R.S. 26:81 by La. Acts 1987, No. 696.