James E. SANDERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–2364–MR.

Court of Appeals of Kentucky.

July 7, 1995.

James A. Kidney, Appellate Public Advocate, Newport, for appellant.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Frankfort, for appellee.

Before HUDDLESTON, JOHNSON and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the judgment and sentence entered by the Warren Circuit Court on May 5, 1993, following the appellant's conditional plea of guilty to the charges of trafficking in a controlled substance within 1,000 yards of a school and of being a persistent felony offender in the second degree.

On January 20, 1993, the appellant was indicted by the Warren County Grand Jury for trafficking in a controlled substance within 1,000 yards of a school and PFO I. Initially, the appellant entered a plea of not guilty, but on March 16, 1993, he changed his plea to guilty. The appellant was sentenced to eight years in the Department of Corrections. Consistent with his conditional plea of guilty, the appellant appeals. He questions the applicability of the trafficking statute under which he was charged.

The appellant simply maintains that the school building that served as the basis for the enhanced charge under KRS 218A.1411, i.e., Draughon's Junior College, is not a "school" within the meaning of the statute.

He contends that the statute should be read to apply only to elementary and secondary schools.

KRS 218A.1411 provides as follows:

Any person who unlawfully traffics in a controlled substance classified in Schedules I, II, III, IV or V, or a controlled substance analogue in any building used primarily for classroom instruction in a school or on any premises located within one thousand (1,000) yards of any school building used primarily for classroom instruction shall be guilty of a Class D felony, unless a more severe penalty is set forth in this chapter, in which case the higher penalty shall apply. The measurement shall be taken in a straight line from the nearest wall of the school to the place of violation.

Statutory language should be given its ordinary meaning unless such language has a peculiar meaning in the law. *See* KRS 446.080; *Inter–County Rural Electric Coop. Corp. v. Reeves,* 294 Ky. 458, 171 S.W.2d 978 (1943). The ordinary meaning of the word "school" includes colleges and universities. *Webster's Ninth New Collegiate Dictionary* 1051 (1985). *See also State Board of Pharmacy v. White,* 84 Ky. 626, 2 S.W. 225 (1886); KRS 164.120.

If the General Assembly had intended to limit the application of the statute to transactions within 1,000 yards of a primary or secondary school, it surely would have employed those specific terms in the statute rather than the generic term "school."

The judgment of the Warren Circuit Court is affirmed.

All concur.