**Jason J. BRIMMER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1998–CA–002323–MR.

Court of Appeals of Kentucky.

Dec. 3, 1999.

Robert L. Gullette, Jr., Bryan Thomas Goettl, Nicholasville, Kentucky, for Appellant.

A.B. Chandler III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Frankfort, Kentucky, for Appellee.

Before: DYCHE, GARDNER and KNOPF, Judges.

*OPINION*

GARDNER, Judge:

Jason Brimmer (Brimmer) appeals from his conviction for trafficking in a controlled substance within 1,000 yards of a school in violation of Kentucky Revised Statute (KRS) 218A.1411. Brimmer maintains that a Montessori school is not a "school" for purposes of KRS 218A.1411 and therefore, this Court must reverse his conviction. After carefully reviewing the facts of this case and the applicable law, this Court affirms the Jessamine Circuit Court's judgment.

Brimmer and several other individuals were arrested while trying to sell marijuana to a police informant near the ABC Learning Tree Montessori School (ABC). In January 1998, a grand jury indicted Brimmer for trafficking in a controlled substance within 1,000 yards of a school. In May 1998, the circuit court held a hear-

ing regarding whether ABC was a "school" for purposes of KRS 218A.1411. The court heard evidence from ABC's owner regarding the school's instruction and care for children ages three to nine. Following the hearing, the circuit court ruled that ABC was a school building used primarily for classroom instruction and that trafficking in a controlled substance within 1,000 yards of a school building could be prosecuted by the Commonwealth.

Following this ruling, Brimmer entered a conditional guilty plea to trafficking within 1,000 yards of a school. He reserved the right to appeal the circuit court's ruling regarding the status of ABC. In September 1998, the circuit court imposed judgment and sentenced Brimmer to one-year probation. The court stayed its judgment and order of probation pending disposition of Brimmer's appeal.

On appeal, Brimmer argues that the circuit court erred by ruling that ABC is a "school" for purposes of KRS 218A.1411. He maintains that ABC is a daycare business that markets itself as a Montessori school and that the ABC building is not used primarily for classroom instruction. After reviewing the record below including the testimony at the hearing, this Court has concluded that the circuit court correctly ruled that ABC constituted a "school" for purposes of KRS 218A.1411.

Under KRS 218A.1411,

Any person who unlawfully traffics in a controlled substance classified in Schedules I, II, III, IV, or V, or a controlled substance analogue in any building used primarily for classroom instruction in a school or any premises located within one thousand (1,000) yards of any school building used primarily for classroom instruction shall be guilty of a Class D felony, unless a more severe penalty is set forth in this chapter, in which case the higher penalty shall apply.

Kentucky courts have not addressed the issue of whether a building used for a Montessori school constitutes a "school" or building used primarily for classroom in-

struction pursuant to KRS 218A.1411. In *Sanders v. Commonwealth,* Ky.App., 901 S.W.2d 51 (1995), this Court considered whether a defendant could be convicted under KRS 218A.1411 for trafficking within 1,000 yards of a college or university. This Court rejected the appellant's argument that the statute applied only to elementary and secondary schools. The court noted, "[i]f the General Assembly had intended to limit the application of the statute to transactions within 1,000 yards of a primary or secondary school, it surely would have employed those specific terms in the statute rather than the generic term 'school.'" *Id.* at 52.

Courts from other jurisdictions have addressed issues similar to the question facing this Court in the instant case. In *Cole v. City of Ruston,* 573 So.2d 641 (La.Ct. App.1991), a merchant sought a permit to sell beer in a convenience store. The applicable city ordinance prohibited granting a beer permit for any premises situated within 300 feet or less of a public playground or of a building used as a school. A Montessori school was located within 300 feet of the merchant's business. The applicant argued that the Montessori school was really a kindergarten, not a school within the meaning of the ordinance. The court rejected the applicant's argument, finding that the Montessori school operated as a school—not solely as a nursery. The court considered evidence that four-to seven-year-old students were taught by a state-certified Montessori teacher according to a detailed, state-certified plan of instruction drawn in accordance with the Montessori method. The court concluded that the Montessori school was a school within the meaning of the ordinance. *Id.* at 643.

Similarly, in *Risser v. City of Thomasville,* 248 Ga. 866, 286 S.E.2d 727 (1982), an applicant for a beer and wine license was denied a license because his establishment was located within 100 yards of a church which operated a kindergarten. A statute

prohibited the selling of beer or wine within 100 yards of any school or schoolhouse. The court found that the focus of the kindergarten was educational and that it operated to actively prepare children for the first grade. The court concluded that a kindergarten is a school within the ordinary and every day meaning of that word and that the kindergarten was the type of school that the statute was designed to protect. *Id.* at 729. *Cf. Montessori Schoolhouse of Orange County, Inc. v. Dept. of Social Services,* 120 Cal.App.3d 248, 175 Cal.Rptr. 14 (1981) (noting in addressing whether the department of social services had jurisdiction to license petitioner's school as a day care facility, that where an institution was primarily operated as a school for educational purposes, the fact that, as part of that function, it cares for or feeds children would not cause it to become an institution for the care of children and that each institution must be examined individually to determine its true character).

The circuit court correctly concluded in the case at bar that ABC constituted a "school" or "school building" pursuant to KRS 218A.1411. The testimony presented before the circuit court shows that ABC's primary focus is educating children ages three through nine. While ABC once was a day care center, for the last eight years it has been a Montessori school. The owner/director of ABC is a certified Montessori teacher who received training through the University of Kentucky. ABC's informational brochure describes it as a private school open to all children regardless of race, nationality or financial status. ABC's curriculum includes reading, mathematics, geography, history, practical life skills, science, creative development in art, dramatics, creative expression and music. The director testified that each child receives attention based upon his or her personal level of development. Teachers at ABC give children individual or group instruction regarding how to use instructional materials on their level. The director further testified that ABC's program is a total learning program similar to primary education in public schools. Typically, teachers organize a group circle where children learn about different issues such as the customs of other countries or the decimal system. They begin educating children at age three. The younger children typically receive less education instruction per day while the older children receive more. The Montessori program allows the older children to interact with and guide the younger children as part of the program and, thus, it fosters individual development. ABC cares for and tutors some elementary school students late in the day following their dismissal from their regular schools.

Thus, ABC clearly fell within the term "school" or "school building" contained in KRS 218A.1411. The record reveals that ABC's primary purpose is educational instruction of young children. The circuit court correctly analyzed the common dictionary definition of "school" and determined that ABC constitutes a "school." [1] KRS 218A.1411 was enacted to safeguard young children from the dangers of narcotics and drug trafficking activity and to provide criminal sanctions to discourage individuals from engaging in such activities near schools and penalize them if they do so. If this Court adopted Brimmer's argument regarding ABC and Montessori schools in general, we would circumvent the public policy underlying the enactment of KRS 218A.1411. [2]

For the foregoing reasons, this Court affirms the judgment of the Jessamine Circuit Court.

---

**1.** The American Heritage Dictionary, 1098 (1985), defines school in part as "[a]n institution for the instruction of children...."

**2.** Brimmer also argues that the circuit court's ruling will have ramifications beyond the case at bar. Specifically, he maintains that parents will face unintended tax consequences. This argument addresses collateral matters which are not pertinent to resolving the issue in this criminal case.

KNOPF, Judge, Concurs.

DYCHE, Judge, concurs in result only and files a separate opinion.

DYCHE, Judge, Concurring.

I concur with the result reached by the majority. My approach to the "school" definitional problem would be slightly different, however. I think it more appropriate to focus, not on the percentage of time spent in actual classroom instruction, as opposed to meals, rest, recreation, etc., but whether the primary use of the building is for classroom instruction and related activities directly involving students, as opposed to primary use as a bus garage, maintenance building or other such school-related, but non-student use. This would fulfill the purpose of the statute; that is, to deter drug traffickers from plying their wares near the students, without enhancing punishment for such conduct near a building unlikely to house students.