Dear Mayor Roach:
You advise that the Lake Charles City Council adopted an ordinance tracking the language of R.S. 26:281. This statute makes it unlawful for any person to "sell or deal in alcoholic beverages within three hundred feet of a public school, public playground, church, synagogue or library." The question has arisen: does "school" in the statute and ordinance include a daycare, nursery, or other childcare facility?
Our research reflects the Louisiana case of Cole vs. City of Ruston,573 So.2d 641 (La.App. 2nd Cir. 1991) in which a merchant sought a permit to sell beer in a convenience store. A city ordinance prohibited granting a beer permit for businesses within 300 feet of a building used as a school. A Montessori school was located within 300 feet of the merchant's business. The owner of the convenience store argued that the Montessori school was really a kindergarten, not a "school" as contemplated by the ordinance. The court rejected this argument, finding that the Montessori school operated as a school, "not solely as a nursery. The students, of ages varying between four and seven, are taught by a state-certified Montessori teacher . . ." See Cole, supra, at page 642.
The inference we draw from the court's opinion in Cole is that a facility operated solely as a nursery or daycare is not a school within the meaning of R.S. 26:281. Legislative amendment to the statute would be necessary to specifically include those facilities operated solely for the purpose of child-care within the protected zone.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 4, 2002